BELL v. BELL.

Opinion delivered October 28, 1912.

1. DIVORCE—EVIDENCE—SUFFICIENCY.—In an action of divorce general statements of witnesses that defendant was rude or contemptuous towards the plaintiff are not sufficient; the witnesses must state specific facts and conduct upon which their opinion is based, so that the court may be able to determine whether such acts and conduct were of a nature to justify the conclusion or belief reached by the witness. (Page 196.)

2. SAME—CRUELTY AND INDIGNITIES.—Mere want of congeniality and consequent quarrels do not amount to cruelty or indignities to the person constituting grounds for divorce. (Page 196.)

Appeal from Faulkner Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*R. W. Robins* and *F. M. Bruce,* for appellant.

*J. C. Clark,* for appellee.

FRAUENTHAL, J. This is a suit for divorce brought by the husband upon the ground that the wife was guilty of such cruel treatment and had offered such indignities to him as to render his condition intolerable. A short time after the institution of the suit, the parties entered into a written contract whereby they agreed to settle the wife's property rights. In this contract it is provided that, in consideration of $500 and the support of the minor children, the wife surrendered and released all her right and claim, including that of dower and homestead, in all the husband's property, both real and personal. In payment of said $500, the husband turned over to the wife certain notes, personal property and money. Thereafter, the wife filed an answer and cross complaint in which she denied the allegations made by the husband and sought a divorce upon the ground that the husband had been guilty of cruel treatment toward her, and had offered to her such

indignities as to make her condition in living with him intolerable. She also sought a cancellation of said contract settling her rights in the husband's property upon the ground that it had been obtained by fraud and undue influence.

The chancellor entered a decree denying both the prayers of the complaint and cross complaint seeking a divorce, but granting the prayer of the cross complaint asking a cancellation of said contract. In said decree he also ordered the restitution by defendant of all property delivered or paid to her by virtue of said contract. From this decree the plaintiff alone appeals.

A majority of the court are of the opinion that this decree should be affirmed. It appears from the testimony that the plaintiff and defendant were married in 1879, and lived together as man and wife until shortly before the institution of this suit in June, 1911. At the time of their marriage the plaintiff was a widower and the father of six children, some of them of tender age; and during their wedlock there was born to them twelve children. The evidence adduced upon the part of the plaintiff consisted of the testimony of some of these children, both by his first wife and by the defendant, and also of some neighbors. The defendant introduced no witness save herself. The witnesses upon the part of the plaintiff testified in general terms that about a year prior to the institution of this suit the defendant seemed to lose her love and affection for plaintiff; that she was rude and contemptuous towards him, and that during the winter prior to the bringing of this suit the plaintiff was sick and the defendant did not wait on him, and finally, in May, 1911, that she left him. But none of these witnesses testified to any specific act of rudeness on the part of the wife, or to any specific contemptuous language spoken by her to him. This entire testimony consists of generalities, constituting at most mere opinions or beliefs of the witnesses. It is for the court to determine whether or not the alleged offending spouse has been guilty of acts or conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annulment of the marriage bonds. This determination must be based upon facts testified

to by witnesses, and not upon beliefs or conclusions of the witnesses. It is essential, therefore, that proof should be made of specific acts and language showing the rudeness, contempt and indignities complained of. General statements of witnesses that defendant was rude or contemptuous toward the plaintiff are not alone sufficient. The witness must state facts—that is, specific acts and conduct from which he arrives at the belief or conclusion which he states in general terms— so that the court may be able to determine whether those acts and such conduct are of such a nature as to justify the conclusion or belief reached by the witness. The facts, if testified to, might show only an exhibition of temper or of irritability probably provoked or of short duration. The mere want of congeniality and the consequent quarrels resulting therefrom are not sufficient to constitute that cruelty or those indignities which under our statute will justify a divorce.

The defendant testified that plaintiff had often spoken roughly to her and cursed her, and by his conduct caused her to leave him in May, 1911. While she offered no other witness, and therefore produced no corroboration of this alleged misconduct on the part of plaintiff, and therefore no evidence legally sufficient to warrant a divorce in her favor, nevertheless her testimony is competent to show that the quarrels and unkindly conduct which marked the marital relations of these two were not attributable altogether to one of the parties. The chancellor found that the testimony was not sufficient to justify a divorce at the instance of either of these parties, and we can not say from this character of testimony that his finding is clearly wrong.

The plaintiff is now seventy-two years of age, and the defendant fifty-one. They have lived together for more than thirty years, during which time twelve children have been born to them. The wife assisted in rearing six of the plaintiff's children by a former marriage and these twelve children by the marriage with her. It is not claimed that during all these years she did not minister to the needs and wants of all these children, and did not show them every mark of motherly love and affection. It is true that the witnesses state in general terms that she had become, within the year before the suit was brought, rude to her husband and con-

temptuous of him; but they do not state the circumstances accompanying such rudeness or manifestations of contempt, so that it can be determined whether or not there was just cause for her conduct, and whether they were of such a character as to warrant a divorce. Ordinarily, the findings of a chancellor are persuasive upon this court; and, in view of the character of the evidence adduced in this case, his findings, we think, should be all the more persuasive, and therefore should not be disturbed.

We are also of the opinion that the finding of the chancellor that there were sufficient grounds shown to cancel the contract settling the rights of the wife in the husband's property should not be disturbed.

The decree is accordingly affirmed.