## DUNN *v.* DUNN.

### Opinion delivered October 26, 1914.

1. DIVORCE—COMPLAINT—SUFFICIENCY OF ALLEGATIONS.—Where a divorce is sought on the grounds of cruel and barbarous treatment, on appeal the defendant can not complain that the allegations are not sufficient, when he has failed to make a motion requiring that the complaint be made more definite and certain.

2. DIVORCE—OFFENDING ACTS—SUFFICIENCY OF EVIDENCE—QUESTION FOR COURT.—In an action for divorce it is for the court to determine whether or not the alleged offending spouse has been guilty of acts or conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annullment of the marriage bond.

3. DIVORCE—GROUNDS FOR—CONCLUSIVENESS OF LAW—SUFFICIENCY OF EVIDENCE.—In an action for divorce on grounds of cruel treatment of the plaintiff, it is necessary that proof should be made of specific acts and conduct showing the indignities relied upon in order that the court may properly determine whether they are sufficient to establish the ground of divorce.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Coleman & Gantt,* for appellant.

The complaint states a mere conclusion of the plaintiff, without any facts to justify that conclusion, and is not sufficient to justify the granting of a divorce. 105 Ark. 194. The testimony fails to cure the insufficiency of the complaint.

*Appellee, pro se.*

Hart, J. Bessie Stark Dunn instituted an action for divorce against A. V. Dunn and based her cause of action upon the fifth subdivision of section 2672 of Kirby's Digest. The charge against her husband is alleged in the complaint as follows:

"That notwithstanding the defendant was continuously and habitually finding fault and treated her with such reproach and contempt, indifference, studied neglect, so systematically that he has rendered their living together intolerable."

The testimony in the case is as follows:

Bessie Stark Dunn testified: "I was married to the defendant in Jefferson County, Arkansas, on the 21st day of February, 1910, and lived with him until a few days ago. That I was always true to my marital vows and did all in my power to make our married life happy and agreeable. That he failed to buy me clothes, and habitually and systematically treated me with unmerited reproach, studied neglect and open insult, rude and overbearing when I asked him for clothes. That I put up with his bad treatment as long as I could, and his manner and treatment became intolerable. We have a little girl about two years of age, named Goldie. I have lived in Jefferson County almost all my life, and am earning my own living."

Agnes Stark, a witness for the plaintiff, testified: "That she is acquainted with the plaintiff and the defendant in the above entitled cause, and has known them since they were married. That they were married in the year 1910, and lived together until a few days ago. That the plaintiff was at all times considerate and kind and attended to her duties as the wife of the defendant and never gave him cause to mistreat her. That the defendant habitually and systematically treated the plaintiff with contempt and rudeness and neglect. That he refused to buy clothes for her and failed to support her, and many times was insulting and abusive. That the

plaintiff has resided for more than one year in Jefferson County, Arkansas.''

The chancellor found in favor of the plaintiff and granted her an absolute divorce from the defendant. The case is here on appeal.

It is first insisted by counsel for the defendant that the allegations with reference to cruel and barbarous treatment are not sufficient. No demurrer was filed to the complaint; no objection was made and no motion filed to make it more definite and certain.

In the case of *Brown* v. *Brown*, 38 Ark. 324, in regard to a similar contention the court said the indignities of which the plaintiff complained should have been specifically set out in order that the court might know whether they were such as to render her condition intolerable as alleged, or whether they were a sufficient cause for the divorce sought.

Another reason is that the principal facts should be alleged with such certainty as to time, place and circumstance as will apprise the defendant of the case to be made against him and enable him to prepare his defense. Nelson on Divorce and Separation, vol. 1, § 333.

(1) As was said in the *Brown* case, however, the objection could only have been taken by a motion to require the complaint to be made more definite and specific, and, no such motion having been filed, the objection is not now tenable.

It is again insisted by counsel for the defendant that the testimony was not sufficient to warrant the chancellor in granting the divorce to the plaintiff because the statements of the plaintiff and her sister, the corroborating witness, amount to no more than their conclusions of law, instead of the ultimate facts. In this contention we think counsel are correct.

(2) As was said in the case of *Bell* v. *Bell*, 105 Ark. 194, it is for the court to determine whether or not the alleged offending spouse has been guilty of acts or conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have

been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annulment of the marriage bond.

(3) The witnesses can not substitute their judgment for that of the court. Therefore, it is necessary that proof should be made of the specific acts and conduct showing the indignities relied upon, in order that the court may properly determine whether they are sufficient to establish the ground of divorce.

In the case before us we do not think the statements of the plaintiff and her sister amount to anything more than their conclusions or opinions as to the matters testified to by them. From their statements the court could not properly form any conclusion as to whether or not the divorce should have been granted to the plaintiff. It is true that plaintiff and her sister testified that the defendant failed to buy the plaintiff clothes but they did not state the circumstances under which the refusal was made. The remainder of their statements amount to nothing more than their conclusion as to the matters testified to by them. They did not state any facts or circumstances on the part of the defendant from which the court could determine whether or not the plaintiff was entitled to a divorce.

Therefore the decree will be reversed and because the facts were not developed in the chancery court, the cause will be remanded with leave to the plaintiff to take additional proof if so advised, and for further proceedings not inconsistent with this opinion.