WYNETTE WILES v. ROY WILES, JR.

5-4786                                               437 S.W. 2d 792

Opinion Delivered March 3, 1969

*Lohnes T. Tiner* and *Henry J. Swift* for appellant.

*W. B. Howard* and *Jack Segars* for appellee.

FRANK HOLT, Justice. This is a divorce action. In her complaint, appellant seeks a divorce upon the grounds of indignities and asks that she be awarded all of her statutory rights, including her interest in the appellee's property. The appellee's answer is in the

nature of a general denial, except for the marriage and separation. He avers that he does not want a divorce and offers reconciliation.

The chancellor temporarily awarded the use of certain property to the appellant and temporary alimony in the sum of $30 per week, together with costs and attorney's fees. Upon trial the chancellor denied appellant a divorce and awarded her $200 per month separate maintenance.

About a month later both parties petitioned the court for modification of its decree. Appellee contended there that the court erred in awarding separate maintenance inasmuch as the court had refused appellant a divorce. In response, appellant urged that the court had erred in denying her petition for divorce and, further, in not awarding to her the statutory property rights to which she was entitled, including alimony and attorney's fees. After a hearing, the court modified its previous decree by dismissing the order requiring the appellee to pay $200 per month separate maintenance; denied an attorney's fee, and found all issues of fact and law for the appellee. From that modified decree, this appeal follows.

For reversal appellant contends that the finding of the chancellor, in refusing to award her an absolute divorce together with her statutory rights, is against the preponderance of the evidence.

The parties were first married in July of 1966. Appellant secured a divorce, by agreement of the parties, on March 10, 1967. That night they discussed reconciliation and about a month later they remarried. About five months thereafter, the present separation occurred. Appellant testified that during this brief period of their remarriage appellee subjected her to extreme physical abuse on two occasions and constantly harassed and subjected her to such mental cruelty that her marital situation became so intolerable she could no longer live

with him. According to her, he had an ungovernable temper and at times would call her vile names. It appears that his conduct toward her vacillated somewhat, since she testified that he was generous with her and "he could be the sweetest, finest person that ever was one time and everything would be fine. Then he could get mad at someone downtown and come in and take it out on me." Appellant's eighteen-year-old daughter by a former marriage corroborated her testimony about one instance of physical abuse and their arguments.

The appellee denied that he had physically abused the appellant on the two occasions about which she testified. He characterized these acts as merely being spankings which resulted from arguments that she provoked by her opprobrious language with reference to his daughter by a former marriage. According to him, the only other time he ever struck her with his hand was when she bit him. He admitted that when she used bad language about him or his family, it resulted in an exchange of uncomplimentary words. He testified that the basic cause of most of their problems during both brief marriages was her inability to manage and live within their finances and, further, that their quarreling was sporadic during their five-month remarriage. Appellee expressed a desire to avoid a divorce in the hope of reconciliation and testified that he had made conciliatory efforts. Several witnesses testified on behalf of the appellee to the effect that publicly they appeared to be congenial.

Chancery cases are reviewed de novo on appeal and a chancellor's decree will not be reversed on a question of disputed facts unless the finding is against the preponderance of the evidence. *Greer* v. *Greer*, 193 Ark. 301, 99 S.W. 2d 248 (1936). A compelling reason for this well settled rule is the fact that the chancellor is in a better position to evaluate the testimony of the witnesses since he hears them and observes their demeanor and interest in the case. *Dennis* v. *Dennis*, 239

Ark. 384, 389 S.W. 2d 631 (1965). In the case at bar, the evidence is in conflict that the alleged indignities were being continuously and persistently pursued with the purpose and effect of causing an enduring alienation and estrangement which is a requisite in this type of action. *Gibson* v. *Gibson*, 234 Ark. 954, 356 S.W. 2d 728 (1962); *Pryor* v. *Pryor*, 151 Ark. 150, 235 S.W. 419 (1921). The absence of congeniality and consequent quarrels resulting therefrom are insufficient to constitute that cruelty or those indignities required by our statute to justify a divorce. *Bell* v. *Bell*, 105 Ark. 194, 150 S.W. 1031 (1912). In the case at bar, we are unable to say that the finding of the chancellor refusing appellant a divorce and her attendant statutory rights is against the preponderance of the evidence.

Appellant asserts the chancellor erred in denying her maintenance and support. Before appellant first married appellee, she was employed at $85 per week. At the time of rendition of the modified decree, she was employed and receiving as take-home pay $53 per week. She now lives with her mother and her thirteen-year-old daughter by her former marriage. She had been receiving $200 per month maintenance from her first husband for their two children, and now receives $100 per month for the younger child. It appears that the older daughter is now married.

Appellee placed the bulk of his property in trust before their remarriage. He said this was with her knowledge. According to appellant, the appellee now has approximately $500 per month personal income left after meeting his financial obligations, including $400 per month which he pays to a former wife and their two children as alimony and maintenance.

The chancellor has broad powers and wide discretion in fixing or refusing support payments and we do not disturb his action unless there is an abuse of discretion. *Carty* v. *Carty*, 222 Ark. 183, 258 S.W. 2d 43 (1953). In each case, proper consideration must be

given to the respective financial conditions of the parties and many other circumstances, including their mutual conduct. *Upchurch* v. *Upchurch*, 196 Ark. 324, 117 S.W. 2d 339 (1938); *Lewis* v. *Lewis*, 202 Ark. 740, 151 S.W. 2d 998 (1941). In the case at bar, we are unable to say that the chancellor abused his broad discretionary powers in refusing to continue an award of maintenance and support which appellant had received for approximately six months. Further, we find no abuse of discretion in disallowing additional attorney's fees.

The decree is affirmed.