Edwin N. HARPOLE *v.* Patricia B. HARPOLE

CA 83-240                                        664 S.W.2d 480

Court of Appeals of Arkansas
Division I
Opinion delivered February 1, 1984

*Howell, Price & Trice, P.A.,* by: *Dale Price,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

TOM GLAZE, Judge. This is a divorce case in which the appellee was granted the divorce. The decisive question on appeal is whether appellee's proof was sufficient to establish her cause of action.

The appellee filed her complaint alleging general indignities. Appellant answered, denying such allegations and requesting that appellee's complaint be dismissed. At trial, appellant's counsel made the following opening statement:

> May it please the Court. At the outset, we, of course, have filed an answer and counterclaim in the case, but as a practical matter we will not fight the grounds for divorce.[1] It's our understanding that minimal testimony would be presented with reference to the grounds.

Counsel concluded his statement by indicating that appellant mainly objected to appellee's property demand and would object to anything other than a fifty-fifty division of marital property. Following other preliminary remarks between counsel and the court, appellee took the stand and testified first to establish her grounds for divorce. That testimony in its entirety is as follows:

> Q. Mrs. Harpole, we have alleged in the complaint what is described as general indignities and have alleged that Mr. Harpole treated you with contempt, neglect, abuse, that he nagged you and that you all just weren't able to get along. Is that correct?
>
> A. That's true, yes.
>
> Q. And was that the reason for the separation?

---

[1] Appellant did file an answer but not a counterclaim.

A.   Yes.

Q.   Did you ask him to leave?

A.   Yes.

Q.   Did you find that the conditions were such that you just couldn't live together any longer?

A.   Yes.

At this point, appellant's counsel declined the court's invitation to cross-examine appellee on the issue of her grounds for divorce, so appellee's sister was called to corroborate grounds. After establishing her relationship and contact with the appellee, the sister testified as follows:

Q.   Do you know that the conditions were such that Mr. Harpole nagged her and neglected her and they just didn't get along in the home?

A.   They just didn't get along.

Q.   And do you know that Mrs. Harpole ultimately asked him to leave and —

A.   Yes, sir.

Q.   —filed suit for divorce?

A.   Yes, sir.

In this appeal, appellant argues that appellee failed to prove or corroborate general indignities by the foregoing testimonies. He raises a second issue as well, because the court's decree, when entered, actually reflected that appellee was awarded a divorce on the grounds of three years' separation without cohabitation. Both parties agree that appellee neither alleged nor proved the three-year-separation ground and that this ground was mistakenly placed in the decree. Nevertheless, appellee argues that by the time the decree was entered, three years had passed. Thus, since

appellee and her sister both testified that the parties separated in July, 1979, she contends this Court is permitted, when reviewing the correctness of the lower court's decision, to assume the parties remained separated for the required three year period. This case was filed in August, 1979, last heard by the trial court in April, 1982, and decreed in December, 1982.

We dispose of the second issue first. In doing so, we note that the parties tried this divorce action on three separate dates, October 26, 1981, November 3, 1981, and April 15, 1982.[2] As previously mentioned, appellee never alleged three years' separation without cohabitation as a ground for the divorce and offered no proof on that issue at any of the three hearings. In fact, the parties had not been separated for three years even at the time of their last hearing in April, 1982. The trial court took the case under submission until December, 1982, when it awarded the divorce. The law is well established that the chancellor cannot incorporate into the decree at any time a matter not within the issues raised by the pleadings and proof. *Evans* v. *United States Anthracite Coal Co.,* 180 Ark. 578, 21 S.W.2d 952 (1929); *Gregory* v. *Moose,* 266 Ark. 926, 590 S.W.2d 665 (Ark. App. 1979), *cert. denied,* 267 Ark. 86, 590 S.W.2d 662 (1979). The purpose of this rule is to afford parties the opportunity to cross-examine and to be heard on any matter on which the trial court might base its findings and decision. Here, appellant was denied a hearing on the three-year-separation issue, and contrary to appellee's suggestion, we are unable to assume this ground existed at the time the decree was entered.

Nor can we affirm the trial court's decree on the general indignities ground which appellee asserted. As we pointed out in *Copeland* v. *Copeland,* 2 Ark. App. 55, 616 S.W.2d 773 (1981), divorce is a creature of statute and can only be granted when statutory grounds have been proved and corroborated. Nine grounds for divorce are set forth in Ark. Stat. Ann.

---

[2]In these three hearings, the parties primarily asserted their respective claims to certain marital property. Several issues concerning the trial court's award of property are raised in this appeal, but we do not reach them since we find insufficient proof was presented to substantiate grounds for a divorce.

§ 34-1202 (Supp. 1983), and the general indignities ground alleged here by appellee is one of six that Arkansas adopted and has recognized since 1838. *See* Compiler's Note to Ark. Stat. Ann. § 34-1202 (Repl. 1962). Over the years, these first six grounds have remained unchanged; however, the necessity for corroborating grounds has changed. Corroboration of grounds has been required since 1869, when Arkansas adopted the Kentucky Code. *See* Ky. Code, Divorce § 458 [codified in Gantt's Digest, Divorce § 2200 (1874)]. In 1969, the General Assembly enacted Act 398, eliminating the necessity of corroborating a plaintiff's (or counter-claimant's) ground or grounds for divorce in uncontested divorce suits. *See* Ark. Stat. Ann. § 34-1207.1 (Supp. 1983). By a 1981 amendment, a spouse now may waive in writing the necessity of corroborating the injured party's grounds even when suits are contested. *Id.*[3] Nevertheless, regardless of whether a divorce is contested or uncontested, the injured party must always prove his or her ground(s) for divorce as set forth in Ark. Stat. Ann. § 34-1202 (Supp. 1983). In other words, existing statutory law does not allow a spouse to stipulate to or waive grounds for divorce. Thus, the opening remarks made by appellant's counsel in no way permitted appellee to proceed without first establishing her required grounds for divorce.

In the instant case, appellee alleged in her complaint that appellant treated her "with rudeness, contempt, neglect and abuse, deliberately and systematically pursued and offered such indignities to her as to render her condition in life intolerable and to make it impossible for her to live with him." Appellee testified — as set out above — in conclusory terms, paraphrasing those allegations contained in her complaint. Such testimony and proof is clearly insufficient. In the early case of *Bell* v. *Bell,* 105 Ark. 194, 150 S.W. 1031 (1912), the Supreme Court defined what evidence is necessary to establish indignities as a ground for divorce. The Court said:

> It is for the court to determine whether or not the alleged offending spouse has been guilty of acts or

---

[3]Section 34-1207.1 still requires corroboration of residence and continuous separation without cohabitation.

conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annulment of the marriage bonds. *This determination must be based upon facts testified to by witnesses, and not upon beliefs or conclusions of the witnesses. It is essential, therefore, that proof should be made of specific acts and language showing the rudeness, contempt and indignities complained of. General statements of witnesses that defendant was rude or contemptuous toward the plaintiff are not alone sufficient. The witness must state facts — that is, specific acts and conduct from which he arrives at the belief or conclusion which he states in general terms — so that the court may be able to determine whether those acts and such conduct are of such a nature as to justify the conclusion or belief reached by the witness.* The facts, if testified to, might show only an exhibition of temper or of irritability probably provoked or of short duration. The mere want of congeniality and the consequent quarrels resulting therefrom are not sufficient to constitute that cruelty or those indignities which under our statute will justify a divorce.

*Id.* at 195-96, 150 S.W. at 1032 (emphasis supplied).

Our appellate courts have not departed from that quantum of proof recognized and required by the Court in *Bell.* Cf. *Oxford* v. *Oxford,* 237 Ark. 384, 373 S.W.2d 707 (1963); *Lipscomb* v. *Lipscomb,* 226 Ark. 956, 295 S.W.2d 335 (1956); *Coffey* v. *Coffey,* 223 Ark. 607, 267 S.W.2d 499 (1954); and *Welborn* v. *Welborn,* 189 Ark. 1063, 76 S.W.2d 98 (1934); *Copeland* v. *Copeland,* 2 Ark. App. 55, 616 S.W.2d 773 (1981); *Milne* v. *Milne,* 266 Ark. 900, 587 S.W.2d 229 (Ark. App. 1979). Accordingly, in this *de novo* review of the evidence, we must conclude that appellee failed to prove her alleged claim of general indignities.[4]

---

[4]The trial court made no finding on whether the appellee presented proof to establish the alleged ground of general indignities.

Finally, we consider appellee's contention that because appellant failed to take any action to advise the trial court that the evidence was insufficient to establish grounds, appellant should not be able to raise the issue for the first time on appeal. Again, we must disagree. First, appellant did file a motion for new trial below, but appellee successfully challenged the motion for being untimely. Second, and more importantly, the appellant was not required to raise the sufficiency of evidence question below. In equity cases, a party *may* challenge the sufficiency of the evidence at the conclusion of the opponent's evidence by moving either orally or in writing to dismiss the opposing party's claim for relief. Ark. R. Civ. Pro. 50(a). However, in a non-jury trial, a party who does not challenge the sufficiency of evidence does not waive the right to do so on appeal. *See Bass* v. *Koller,* 276 Ark. 93, 632 S.W.2d 410 (1982).

We conclude that appellee did not establish a cause of action. However, because the three-year-separation issue raised in this suit may be merely premature, we reverse and dismiss without prejudice. *Oxford* v. *Oxford, supra.*

Reversed and dismissed.

MAYFIELD, C.J., and CRACRAFT, J., agree.