Laura Elizabeth GUNNELL *v.* Steven Craig GUNNELL

CA 89-176                                             780 S.W.2d 597

Court of Appeals of Arkansas
Division I
Opinion delivered December 13, 1989

*Gill, Johnson & Gill*, by: *Brooks A. Gill*, for appellant.

*Russell D. Berry*, for appellee.

GEORGE K. CRACRAFT, Judge. Laura Gunnell appeals from a decree of the Arkansas County Chancery Court granting Steven Gunnell a divorce. She contends that the chancellor erred in granting the divorce because appellee presented insufficient proof of his grounds. We agree and reverse.

Appellee sought and obtained a divorce on grounds of general indignities. *See* Ark. Code Ann. § 9-12-301(4) (1987). Appellant did not answer the complaint but did appear at the hearing. Appellee's entire testimony as to his grounds for divorce was as follows:

Q. Did you all have problems during your marriage?

A. Yes, sir.

Q. Did these problems build up to the point where you all

can no longer live together as husband and wife?

A. Yes sir.

Q. And this resulted in your separation?

A. Yes, sir.

■ Divorce is a creature of statute and can only be granted upon proof of a statutory ground. *Harpole* v. *Harpole*, 10 Ark. App. 298, 644 S.W.2d 480 (1984). In *Harpole*, we quoted the Arkansas Supreme Court's definition of what evidence is necessary to establish indignities as a ground for divorce:

> It is for the court to determine whether or not the alleged offending spouse has been guilty of acts or conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annulment of the marriage bonds. *This determination must be based upon facts testified to by witnesses, and not upon beliefs or conclusions of the witnesses. It is essential, therefore, that proof should be made of specific acts and language showing the rudeness, contempt and indignities complained of. General statements of witnesses that defendant was rude or contemptuous toward the plaintiff are not alone sufficient. The witness must state facts—that is, specific acts and conduct from which he arrives at the belief or conclusion which he states in general terms—so that the court may be able to determine whether those acts and such conduct are of such a nature as to justify the conclusion or belief reached by the witness.* The facts, if testified to, might show only an exhibition of temper or of irritability probably provoked or of short duration. The mere want of congeniality and the consequent quarrels resulting therefrom are not sufficient to constitute that cruelty or those indignities which under our statute will justify a divorce.

10 Ark. App. at 302-303, 664 S.W.2d at 483 (quoting *Bell* v. *Bell*, 105 Ark. 194, 195-96, 150 S.W. 1031, 1032 (1912)) (emphasis added by the court in *Harpole*). *See also Price* v. *Price*, 29 Ark. App. 212, 780 S.W.2d 342 (1989).

■ Here, as in *Harpole*, appellee testified only in conclusory terms, without any mention of any specific acts or conduct of appellant to justify those conclusions. This proof was clearly insufficient.

■ Relying on cases related to corroboration of grounds for divorce, appellee argues that, since appellant did not file an answer and testified that she was not contesting the divorce, a different standard of proof of grounds should be applied. We cannot agree. Our law makes a clear distinction between the requirements as to *proof* of grounds and those as to *corroboration* of grounds. Except in cases grounded on continuous separation without cohabitation, *see Hodges* v. *Hodges*, 27 Ark. App. 250, 770 S.W.2d 164 (1989); Ark. Code Ann. § 9-12-306(c) (1987), corroboration of grounds is not required in uncontested cases and may be waived in contested cases. Ark. Code Ann. § 9-12-306(a) and (b) (1987). *See also Rachel* v. *Rachel*, 294 Ark. 110, 741 S.W.2d 240 (1987). In contested cases where corroboration has not been waived but there is no intimation of collusion, the corroborating evidence may be relatively slight. *Hilburn* v. *Hilburn*, 287 Ark. 50, 696 S.W.2d 718 (1985). However, regardless of whether a divorce is contested or uncontested, the injured party must always prove his grounds for divorce; our statutory law does not allow a spouse to waive proof of grounds. *Harpole* v. *Harpole, supra.* Nor has there been any relaxation of our rule requiring that the ground of indignities to the person be proved by evidence of specific acts and conduct. *Harpole*, which cites an unbroken line of cases, makes this clear.

We conclude from our *de novo* review of the record that appellee failed to offer sufficient proof to warrant a dissolution of the marriage. For this reason, we do not address additional issues presented by this appeal.

Reversed and dismissed.

MAYFIELD, J., agrees.

JENNINGS, J., concurs.

JOHN E. JENNINGS, Judge, concurring. I concur because the case is clearly governed by our decision in *Harpole*. We may, however, at sometime in the future wish to re-examine the rule which permits the issue of the sufficiency of evidence of grounds in

8

a divorce case to be raised for the first time on appeal.