POTLATCH CORPORATION *v.* Larry Dale TRIPLETT

CA 99-1153                                                16 S.W.3d 279

Court of Appeals of Arkansas
Division II
Opinion delivered May 10, 2000

*McKenzie, McRae, Vasser & Barber*, by: *Barry Barber*, for appellant.

*James H. Pilkinton, Jr.*, for appellee.

JOHN F. STROUD, JR., Judge. This is a quiet-title action that was filed by appellant, Potlatch Corporation. At the end of appellant's case, appellee, Larry Dale Triplett, moved to dismiss the petition to quiet title. The chancellor granted appellee's motion. For its sole point of appeal,[1] appellant contends that the chancellor erred in doing so. We agree and reverse and remand.

■ Rule 50(a) of the Arkansas Rules of Civil Procedure provides in pertinent part that "[i]n nonjury cases a party may challenge the sufficiency of the evidence at the conclusion of the opponent's evidence by moving either orally or in writing to dismiss the opposing party's claim for relief." A directed verdict is only proper where the evidence, when viewed in the light most favorable to the nonmovant, is so insubstantial as to require a jury verdict for the movant to be set aside. *Jamison v. Estate of Goodlett*, 56

---

[1] Although not as a point of appeal, appellant mentions in its brief that its request for findings of fact and conclusions of law was denied by the chancellor. However, neither the request nor the denial was abstracted. We therefore do not address the matter.

Ark. App. 71, 938 S.W.2d 865 (1997). On appeal from a chancery court order granting a directed verdict, the court on appeal must decide specifically whether the plaintiff made out a *prima facie* case of entitlement to the relief requested. *Id.* This requires that the evidence presented by the party against whom the directed verdict is sought must be given the highest probative value, taking into account all reasonable inferences therefrom. *Id.* A *prima facie* case to quiet title requires a showing that the plaintiff has legal title to the property and is in possession. *Gingles v. Rogers*, 206 Ark. 915, 175 S.W.2d 192 (1943).

To understand this property dispute, it is necessary to examine all of the evidence that was presented. The evidence shows that appellee owns Lots 13 through 18 of a subdivision called North View in Hempstead County. All of the subdivision lots lie side by side and are bounded on the north by U.S. Highway 67, which runs in a northeasterly and southwesterly direction. Appellant owns property that adjoins the subdivision on the east, west, and south sides. The problem giving rise to this case stems from the manner in which the lot lines within the subdivision were drawn. That is, they were drawn at a perpendicular angle from Highway 67, rather than due north and south from the highway. This error in the drawing created a rectangle, having all ninety-degree angles, rather than a parallelogram, having two acute opposing angles and two obtuse opposing angles. As a result, the drawing extends the rear boundary line of each lot in the subdivision onto, or overlapping, the property claimed by appellant that adjoins the subdivision's southern boundary. Furthermore, with respect to appellee's easternmost lot, Lot 18, more than half of the lot as drawn overlaps the property claimed by appellant that adjoins the subdivision's eastern boundary.

Both appellant and appellee trace their titles to a common owner, A.P. and Alice C. Deloney. Where the plaintiff and defendant both deraign title from the same source, the plaintiff usually need not go behind this source to prove his title. *Coulter v. O'Kelly*, 226 Ark. 836, 295 S.W.2d 753 (1956). As the supreme court explained in *Collins v. Heitman*, 225 Ark. 666, 671, 284 S.W.2d 628, 632-33 (1955):

> It is apparent from the record compiled in this case, that appellant and appellee trace their respective titles to Mrs. Thomas. The appellant contends that in a suit to quiet title, the plaintiff

must prevail upon the strength of his record title, and, an equitable title is not sufficient against a subsequent purchaser with superior record title. In this statement of the law appellant is in error. The law governing this situation was clearly announced . . . where this court said: "It is true, in an adversary suit, that the plaintiff must recover on the strength of his own title and not the weakness of the defendant's title. . . . *This rule is applicable where the parties claim title from independent sources, and has no application in cases where the parties trace their respective titles to a common source. Where parties trace their title to a common source, the one must prevail who has the superior equity."* Since both parties claim title through Mrs. Thomas and since appellee's title antedates and is superior to that of appellant, it necessarily follows that appellee is entitled to have same quieted.

(Emphasis added.)

Appellant established its chain of title beginning with a deed from A.P. and Alice C. Deloney to Inell Jones, executed on July 9, 1955, and recorded on July 12, 1955; from Jones to Ozan Lumber, executed on July 11, 1955, and recorded on July 18, 1955; and finally from Ozan Lumber to appellant, Potlatch, executed on July 8, 1966, and recorded on July 21, 1966. In each of these three deeds a larger tract was conveyed, with each saving and excepting from the property conveyed the tract of land that was developed as North View subdivision. In each save-and-except clause, the property was described with the east and west boundary lines running due north and south.

Appellee's chain of title from the Deloneys began with the deed from the Deloneys to R.D. and Irene Franklin, executed and recorded on August 4, 1958, that is *after* the deed from the Deloneys to Inell Jones. This deed conveyed the property by lot and block with the east and west boundary lines running perpendicular to U.S. Highway 67, and not due north and south.

Duane Leamons, West Operations Manager for appellant, testified about appellant's exercise of possession over the property. Chris de France, a surveyor who testified for appellant, stated that the North View Subdivision was originally platted and filed for record by an A.G. Prescott in 1957, which would have been prior to appellant's purchase of the property from Ozan Lumber Company in 1966. In addition, Roberta Dougan, a licensed abstracter, testified on cross-examination that in her opinion the title to Tract

No. 5 in the Ozan to Potlatch deed would have been considered clouded.

Viewing this evidence in the light most favorable to the nonmoving party, appellant, it is clear that the trial court erred in directing a verdict in favor of appellee. That is, appellant established an unbroken chain of title to the property and showed that it was in possession of it. Moreover, even if the plat was recorded prior to appellant's purchase of the property in 1966 and represented a cloud on the title, that fact alone would not affect appellant's title because a grantor conveys no more interest than he has, and if he has no interest, then he conveys nothing. *See generally Parker v. Bowlan*, 242 Ark. 192, 412 S.W.2d 597 (1967); *Hope v. Hope*, 218 Ark. 322, 236 S.W.2d 572 (1951). In fact, the chain of title into appellant would represent an even greater cloud on appellee's title than the cloud on appellant's title resulting from the previously filed plat of the subdivision.

Furthermore, appellant presented evidence showing that the plat was drawn erroneously, with the property lines running perpendicular to the highway rather than due north and south, thus causing the overlap onto the property to which appellant and his predecessors in title received record title. No underlying deed to support appellee's ownership of the overlapping part was introduced, and the fact that the plat was erroneously drawn prevents the conveyance of title to the disputed portion of appellant's property.

In *City of Little Rock v. Southwest Builders, Inc.*, 224 Ark. 871, 875, 276 S.W.2d 679, 682 (1955), Justice George Rose Smith commented, "Thus when the appellee invested $8,500 in the purchase of Lot 23, it did so merely with notice that its right to build involved a disputed question of law. *That one buys property with notice of a legally doubtful claim does not preclude him from asserting its invalidity.*" (Emphasis added.) Similarly, the recorded, erroneously drawn plat of the subdivision in the instant case may have given appellant notice of potential trouble, or a cloud on the title; however, it does not preclude him from asserting the invalidity of the claim.

We hold that appellant presented a *prima facie* case to have title quieted in its favor, and that the chancellor erred in directing a verdict in favor of appellee.

Reversed and remanded.

ROBBINS, C.J., and NEAL, J., agree.