Wayne Curtis POORE v. Diann POORE

CA 01-510 61 S.W.3d 912

Court of Appeals of Arkansas
Division I
Opinion delivered December 5, 2001

*Bullock & Van Kleef*, by: *John D. Van Kleef*, for appellant.

*Peel Law Firm, P.A.*, by: *Jennifer L. Modersohn*, for appellee.

JOHN E. JENNINGS, Judge. Wayne Curtis Poore appeals from the dismissal of his complaint for divorce in which he sought to end his two-year marriage to appellee, Diann Poore. For reversal, he contends that the chancellor erred in granting her motion for a directed verdict, finding that he had failed to establish grounds for a divorce, and that the chancellor erred in denying his motion for a new trial. We find no error and affirm.

In October 2000, appellant filed a complaint for divorce in Yell County on grounds of general indignities. Appellee answered the complaint and filed a counterclaim for divorce, but she later withdrew her counterclaim and amended her answer to contest appellant's entitlement to a divorce.

At the hearing, appellant testified that their marital problems began in February 2000 when he returned to his former job that required him to travel. He said that he had not been happy with the job he had taken to be closer to home and that he had wanted to go back to the previous job that he had enjoyed. Appellant testified that appellee wanted him to be at home and that his decision hurt and upset her. He said that appellee, who was somewhat older than he, was afraid that he would find someone younger or that he would want children someday. He said that they argued in circles about it every day and that there were times when he would hang the phone up on her or would not go home so as to avoid a fight. Appellant testified that towards the end appellee cursed at him and suggested that he needed counseling. He said that the arguments made him miserable, that he did not want to live a life of constant arguing, and that he did not want to be married to appellee any longer.

Appellee testified that they had discussed appellant's job change but did not argue about it. She said that his decision bothered her because she wanted him to be at home and that she had just told him that she missed him when he was away. Appellee said that his

traveling made the marriage difficult for her because she does not like to be alone and would rather have her husband around. She said that they had dated for four years before getting married and that she was not insecure about him finding someone else or wanting children. Appellee testified that she did not want a divorce.

Lonnie Poore, appellant's mother, testified that appellee confided in her that they had been fighting about appellant's job and his being away from home. She said that appellee was worried about appellant cheating on her and that appellee wanted her to talk to appellant about why he was not staying at home. Ms. Poore testified that she witnessed one argument between the two. She said that they stopped talking when she got there but that appellee was crying. Ms. Poore did not feel that there was any way the two of them could get along.

On this evidence, the chancellor granted appellee's motion for a directed verdict in which she argued that appellant had failed to prove or corroborate his grounds for divorce. Appellant challenges this ruling in his first point on appeal.

 Divorce is a creature of statute and can only be granted upon proof of a statutory ground. *Gunnell v. Gunnell,* 30 Ark. App. 4, 780 S.W.2d 597 (1989). Appellant's action for divorce was based on the ground of general indignities. *See* Ark. Code Ann. § 9-12-301(4) (Repl. 1998). In order to obtain a divorce on that ground, the plaintiff must show a habitual, continuous, permanent, and plain manifestation of settled hate, alienation, and estrangement on the part of one spouse, sufficient to render the condition of the other intolerable. *Russell v. Russell,* 19 Ark. App. 119, 717 S.W.2d 820 (1986). In *Bell v. Bell,* 105 Ark. 194, 150 S.W. 1031 (1912), the supreme court set out what evidence is necessary to establish indignities as a ground for divorce:

> It is for the court to determine whether or not the alleged offending spouse has been guilty of acts or conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annulment of the marriage bonds. This determination must be based upon facts testified to by witnesses, and not upon beliefs or conclusions of the witnesses. It is essential, therefore, that proof should be made of specific acts and language showing the rudeness, contempt, and indignities complained of. General statements of witnesses that the defendant was rude or

contemptuous toward the plaintiff are not alone sufficient. The witness must state facts — that is, specific acts and conduct from which he arrives at the belief or conclusion which he states in general terms — so that the court may be able to determine whether those acts and such conduct are of such nature as to justify the conclusion or belief reached by the witness. *The facts, if testified to, might show only an exhibition of temper or of irritability probably provoked or of short duration. The mere want of congeniality and the consequent quarrels resulting therefrom are not sufficient to constitute that cruelty or those indignities which under our statute will justify a divorce.*

*Id.* at 195–196, 150 S.W. at 1032 (emphasis supplied). Although *Bell* was decided long ago, it remains the law that mere incompatibility is not grounds for divorce in this state. *See Wiles v. Wiles,* 246 Ark. 289, 437 S.W.2d 692 (1969); *Settles v. Settles,* 210 Ark. 242, 195 S.W.2d 59 (1946); *Hair v. Hair,* 270 Ark. 948, 607 S.W.2d 72 (Ark. App. 1980).

█ █ A directed verdict is only proper where the evidence, when viewed in the light most favorable to the nonmovant, is so insubstantial as to require a jury verdict for the movant to be set aside. *Potlatch Corp. v. Triplett,* 70 Ark. App. 205, 16 S.W.3d 279 (2000). On appeal from a chancery court's order granting a directed verdict, the court on appeal must decide specifically whether the plaintiff has made out a *prima facie* case of entitlement to the relief requested. *Jamison v. Estate of Goodlett,* 56 Ark. App. 71, 938 S.W.2d 865 (1997). This requires that the evidence presented by the plaintiff must be given the highest probative value, taking into account all reasonable inferences therefrom. *Potlatch Corp. v. Triplett, supra.*

█ █ Appellant's proof, given its highest probative value, showed that the parties had fallen into disagreement over appellant's decision to return to a job that kept him away from home. As we have pointed out, however, mere uncongeniality and quarrelsomeness, without more, are not sufficient to sustain a charge of general indignities. *See, e.g., Wiles v. Wiles,* 246 Ark. 289, 437 S.W.2d 792 (1969); *Settles v. Settles,* 210 Ark. 242, 195 S.W.2d 59 (1946); *Bell v. Bell, supra; Hair v. Hair,* 270 Ark. 948, 607 S.W.2d 72 (Ark. App. 1980). The conduct complained of must show settled hate and a manifestation of alienation and estrangement, and it must have been conducted systematically and habitually over a period of time as to make the complaining party's condition in life intolerable. *See Settles v. Settles, supra; Hair v. Hair, supra.* We think that the chancellor could reasonably conclude that appellant failed to make a *prima*

*facie* case of general indignities, and we find no error in his granting a directed verdict.

Appellant next argues that the trial court erred in denying his motion for a new trial. In his motion, appellant alleged that appellee had not been truthful in her testimony concerning the withdrawal of her counterclaim, as evidenced by her having filed a complaint for divorce in Faulkner County the day before the hearing. He argued that her chicanery entitled him to a new trial for fraud under Ark. R. Civ. P. 60(c)(4). We find no error. Appellee's testimony on that subject could have had no possible effect on the outcome of the trial. With or without her testimony, appellant's proof of grounds for divorce was insufficient.

Affirmed.

BIRD and ROAF, JJ., agree.