Paul A. DEE, Jr. *v.* Erin DEE

CA 06-1163                                          258 S.W.3d 405

Court of Appeals of Arkansas
Opinion delivered June 6, 2007

[Rehearing denied October 24, 2007.*]

*George R. Spence*, for appellant.

*Boyer, Schrantz, Rhoads & Teague, P.A.*, by: *Johnnie Emberton Rhoads*, for appellee.

ROBERT J. GLADWIN, Judge. Appellant Paul Dee, Jr. appeals from the divorce decree granted in favor of appellee Erin Dee on the ground of general indignities. On appeal appellant argues that the circuit court erred in granting the divorce because there was insufficient evidence as to the grounds asserted by appellee. He also argues that the circuit court failed to give him full credit for pre-marital funds that were loaned to the marital estate. We find merit in his first argument; accordingly, we reverse and dismiss.

The parties were married on November 22, 1997, and separated on October 22, 2005. One child was born of the marriage. On April 12, 2006, a hearing was held related to the

---

* GRIFFEN, J., concurs.

division of property and debts, as well as issues related to the parties' child. At the commencement of the hearing, appellant's counsel announced that his client waived corroboration of grounds. Appellant confirmed that statement at the time it was made, as well as during his testimony.

Appellee presented only a general affirmative response to her attorney's question as to whether, during the course of their marriage, appellant had treated her in such a manner as to render her condition in life intolerable. There was neither elaboration nor corroboration of that testimony. Appellant did not object to the lack of evidence presented in support of appellee's alleged grounds, and he did not move for a directed verdict based on insufficient evidence thereof.

As to the property issues, appellant presented testimony that he owned a corporation, D & D Ventures, prior to the parties' marriage. Appellant testified that approximately $32,000 had been transferred into accounts jointly owned by the parties, pursuant to three checks in the amounts of $25,000, $5,000, and $9,952.92, respectively. He testified that the last check was to repay the marital estate for funds that had been advanced to the corporation, and that the other $30,000 had been loans. The circuit court agreed that those transfers were loans from the corporation. The circuit court further found that the Suburban and Impala vehicles were jointly held marital property, but that the money used to purchase the Suburban was traceable to appellant's pre-marital account owned by D & D Ventures. As a result, the circuit court awarded appellant the Suburban outright. As to the Impala, it was ordered sold, with the first $9,000 of the sale proceeds to go to appellant to repay the other loan from the pre-marital account used to purchase that vehicle.

This court reviews divorce cases de novo on the record. *Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007). Moreover, we will not reverse a circuit court's finding of fact in a divorce case unless it is clearly erroneous. *Id.* A circuit court's finding of fact in a divorce proceeding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Baxley v. Baxley*, 86 Ark. App. 200, 167 S.W.3d 158 (2004).

## I. Insufficient Evidence of Grounds

Appellant maintains that the decree entered by the circuit court is subject to reversal based on the failure of appellee to prove grounds for divorce. He contends that the only evidence she

presented was a general statement reiterating the statutory language, which was wholly conclusory and insufficient as proof of grounds. While he admits that he waived corroboration of grounds, he cites *Harpole v. Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984), for the proposition that regardless of whether a divorce is contested or uncontested, the injured party must always prove his or her grounds as set forth in the statute.

More recently, this court has reiterated that divorce is a creature of statute and can only be granted upon proof of a statutory ground. *See Poore v. Poore*, 76 Ark. App. 99, 61 S.W.3d 912 (2001). In that case, the plaintiff's action for divorce was also based on the ground of general indignities. The court held that in order to obtain a divorce on that ground, the plaintiff must show a habitual, continuous, permanent, and plain manifestation of settled hate, alienation, and estrangement on the part of one spouse, sufficient to render the condition of the other intolerable. *Id.* The court restated the type of evidence necessary to establish indignities as a ground for divorce:

> It is for the court to determine whether or not the alleged offending spouse has been guilty of acts or conduct amounting to rudeness, contempt, studied neglect or open insult, and whether such conduct and acts have been pursued so habitually and to such an extent as to render the condition of the complaining party so intolerable as to justify the annulment of the marriage bonds. This determination must be based upon facts testified to by witnesses, and not upon beliefs or conclusions of the witnesses. It is essential, therefore, that proof should be made of specific acts and language showing the rudeness, contempt, and indignities complained of. General statements of witnesses that the defendant was rude or contemptuous toward the plaintiff are not alone sufficient. The witness must state facts-that is, specific acts and conduct from which he arrives at the belief or conclusion which he states in general terms-so that the court may be able to determine whether those acts and such conduct are of such nature as to justify the conclusion or belief reached by the witness. The facts, if testified to, might show only an exhibition of temper or of irritability probably provoked or of short duration. The mere want of congeniality and the consequent quarrels resulting therefrom are not sufficient to constitute that cruelty or those indignities which under our statute will justify a divorce.

*Id.* at 102, 61 S.W.3d at 915 (citing *Bell v. Bell*, 105 Ark. 194, 150 S.W. 1031 (1912), and holding that it is still the law that mere incompatibility is not grounds for divorce in this state).

■ Appellant contends, and we agree, that as in *Harpole*, despite his waiving corroboration of grounds and failing to object to the sufficiency of proof of grounds at trial, appellee was required to offer sufficient, nonconclusory proof of grounds, and she failed to do so. Accordingly, we reverse on this point.

### *II. Credit for Loans Made from Pre-Marital Funds*

Because we reverse the grant of the divorce decree for lack of proof of grounds, we decline to address appellant's issue regarding the credit granted for loans made to the marital estate from pre-marital funds. As the parties are still married, the property issues will have to be resolved at such time as the marriage is dissolved.

Reversed and dismissed.

MARSHALL and MILLER, JJ., agree.

---

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### OCTOBER 24, 2007

WENDELL L. GRIFFEN, Judge, concurring. I am constrained in the instant case to concur in the denial of the wife's petition for rehearing due to the governing law requiring corroboration of grounds by a party other than the complainant or the defendant in a divorce case. However, I write separately to express my disagreement with current law governing the corroboration requirement.

In this case, the wife sued for divorce based on general indignities. The husband admitted that, during the parties' marriage, he placed several Internet ads seeking sexual partners in which he mentioned the parties' minor daughter. In one ad, he purported to be divorced. Further, he admitted that the ads were

still running on the day of the hearing. The husband also admitted that, over his wife's objection, he allowed a woman whom he met on the Internet to babysit the parties' daughter.

A petition for divorce will not be granted on the testimony of the complainant alone, even if the defendant admits the allegations. *See Moore v. Davidson*, 85 Ark. App. 104, 145 S.W.3d 833 (2004). While I understand that corroboration is required to prevent collusion, I believe the law needs to be changed because the corroboration requirement seems to operate as an irrebuttable presumption of collusion. Courts should not presume collusion. Moreover, the corroborative testimony of a third party does not guarantee there will be no collusion. After all, the third party could be involved in the collusion.

Where there is no evidence of collusion (as in the instant case), I do not understand the purpose of requiring yet another witness to reiterate conduct to which a defendant has admitted. It is well settled that where there is no evidence of collusion, the evidence of corroboration need only be slight. *Id.* "Corroboration" of a complainant's testimony in a divorce action is testimony of some substantial fact or circumstance *independent of the complainant's statement* that leads an impartial and reasonable mind to believe that material testimony of the complainant is true. *Id.* Where no collusion is alleged, the defendant's statement, like the statement of any other witness, is independent of the complainant's statement and should constitute sufficient, impartial evidence of the conduct alleged.

Thus, where the defendant in a divorce case has admitted to certain conduct, what more would another witness need to say to prove the complainant has grounds for a divorce? The only question that needs to be answered after a defendant has admitted to certain conduct is whether that conduct constitutes grounds for a divorce. Proof of general indignities requires proof of a habitual, continuous, permanent, and plain manifestation of settled hate, alienation, and estrangement on the part of a spouse that is sufficient to render the condition of the other spouse intolerable; it may include rudeness, unmerited reproach, contempt, studied neglect, open insult and other plain manifestations of settled hate, alienation and estrangement, so habitually, continuously and permanently pursued as to create an intolerable condition. *See Rocconi v. Rocconi*, 88 Ark. App. 175, 196 S.W.3d 499 (2004)(granting a

divorce to the husband on the basis of wife's gambling problem, which made his life intolerable).

Here, the husband's admitted, repeated solicitation of sexual partners outside of the marriage directly subverted the marital relationship and demonstrated, at least, open insult and a plain manifestation of alienation and estrangement from his wife. The use of his minor daughter in soliciting sexual partners, his use of pornography over his wife's objection, and his use of a woman he met over the Internet to babysit the parties' daughter, which was also over his wife's objection, compounded that insult. If a gambling addiction constitutes a sufficient ground for a divorce pursuant to personal indignities, *see id.*, the husband's conduct in the instant case certainly does so. But for the governing law concerning corroboration of grounds in divorce proceedings, I would grant the wife's petition for rehearing.