
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-188

| | |
|---|---|
| MACK LUNDY | **Opinion Delivered** October 22, 2014 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23DR-13-715] |
| V. | |
| SANDY LUNDY | HONORABLE H.G. FOSTER, JUDGE |
| APPELLEE | REVERSED and DISMISSED |

## WAYMOND M. BROWN, Judge

Mack Lundy brings this appeal from the decree of the Faulkner County Circuit Court granting Sandy Lundy an absolute divorce on the ground of general indignities. Appellant challenges the court's finding that appellee proved her ground for divorce. We reverse and dismiss.

The parties were married on October 30, 2012, and separated in June 2013. Appellee filed a complaint for divorce on June 27, 2013, on the ground of general indignities. She alleged in the complaint that appellant had "offered such indignities to the person of the plaintiff as to render plaintiff's condition in life intolerable." The divorce decree was filed on October 24, 2013. Appellant filed a timely notice of appeal on November 22, 2013.

We review domestic-relations cases de novo on the record, but we will not reverse the circuit court's findings unless they are clearly erroneous.[1] A circuit court's finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.[2] We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses.[3]

Divorce is a creature of statute and can only be granted upon proof of a statutory ground.[4] Appellee sued appellant for divorce on the ground of general indignities.[5] In order to obtain a divorce on this ground, the plaintiff must show a habitual, continuous, permanent, and plain manifestation of settled hate, alienation, and estrangement on the part of one spouse, sufficient to render the condition of the other intolerable.[6] Such manifestations may consist of rudeness, unmerited reproach, contempt, studied neglect, and open insult.[7] Mere uncongeniality and quarrelsomeness, without more, are not sufficient to sustain a charge of indignities.[8] Additionally, testimony by the plaintiff and corroborating witnesses that is

---

[1] *Hunter v. Haunert*, 101 Ark. App. 93, 270 S.W.3d 339 (2007).

[2] *Id.*

[3] *Id.*

[4] *Gunnell v. Gunnell*, 30 Ark. App. 4, 780 S.W.2d 597 (1989).

[5] *See* Ark. Code Ann. § 9-12-301(b)(3)(C) (Repl. 2009).

[6] *Poore v. Poore*, 76 Ark. App. 99, 61 S.W.3d 912 (2001).

[7] *See Pomraning v. Pomraning*, 13 Ark. App. 258, 682 S.W.2d 775 (1985).

[8] *Poore, supra.*

merely general or conclusory in nature is not sufficient.[9] The circuit court's finding of general indignities must be based on factual testimony and proof of specific acts and language showing the rudeness, contempt, and indignities complained of.[10]

It is true that a petition for divorce will not be granted on the testimony of the complainant alone; even if the defendant admits the allegations, the testimony or admission must be corroborated by other evidence to establish the truth of the assertion.[11] The purpose of this rule is to prevent the parties from obtaining a divorce through collusion; therefore, when it is plain that there is no collusion, the corroboration may be slight.[12]

Appellee testified that she wanted a divorce from appellant because he was overbearing, and wanted to discipline her by having a court commit her somewhere. Appellee stated that appellant was angry because she would not allow him to be a part of her counseling sessions to deal with the death of her father. According to appellee, appellant threatened to burn her collection of The Waltons, which she watched for calming reasons. She also stated that appellant thought she was stupid, and that the decorations in the house were stupid. She stated that appellant quoted Bible verses to her and said that she was not a Christian because she sought counseling for her depression. Appellee testified that appellant had made her feel inadequate and belittled for quite a while, especially since the end of March. She recounted

---

[9] *See Dee v. Dee*, 99 Ark. App. 159, 258 S.W.3d 405 (2007); *Harpole v. Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984); *Copeland v. Copeland*, 2 Ark. App. 55, 616 S.W.2d 773 (1981).

[10] *Poore, supra* (quoting *Bell v. Bell*, 105 Ark. 194, 150 S.W. 1031 (1912)).

[11] *Moore v. Davidson*, 85 Ark. App. 104, 145 S.W.3d 833 (2004).

[12] *Id.*

that appellant met her in the parking lot after one of her counseling sessions and told her that they needed to talk. According to appellee, appellant wanted to have her committed because he was angry that she did not want him to come to the sessions with her. She stated that appellant's role in the marriage was that "he was the man of the house and that [she] needed to remember that." She said that all of these things made her life with him intolerable.

Debbie Davis, appellee's sister, testified that appellee's demeanor had changed since she married appellant. According to Davis, appellee is sad, nervous, and scared. She admitted that she did not witness any discord between the parties. However, she stated that she would sometimes talk to appellee after an argument. Davis said that appellee kept telling her that she was scared, and that appellee informed her about the incident when appellant was in the parking lot after appellee's therapy session. On cross-examination, Davis reiterated that she had gotten all of her information from appellee.

Even if we recognize appellee's testimony as sufficient to establish grounds for divorce, she has failed to provide any proof corroborating those grounds. The evidence presented at the divorce hearing was not enough to support the granting of a divorce on the ground of general indignities. We are mindful of our supreme court's decision in *Coker v. Coker*,[13] holding that the requisite slight-corroborative evidence had been provided.[14] However, the

---

[13]2012 Ark. 383, 423 S.W.3d 599.

[14]Evidence of general indignities included: appellant's rudeness, unmerited reproach, studied neglect; appellant's purchases of adult novelties, gifts, hotel bills and other charges which provided some inference that he was engaged in studied neglect, open insult, and alienation and estrangement; appellant's misuse of marital funds; and his long-term adulterous relationship, even after he committed to end it and to repair the marriage, constituted "settled

facts in this case are distinguishable. In *Coker*, the wife's mother testified that she witnessed the husband being rude, inattentive, and acting as if he did not care one way or the other about appellee. Additionally, other evidence led to an inference of general indignities. Here, Davis's testimony was based on what appellee told her, not what she witnessed. Further, there was no other evidence tending to show general indignities on the part of appellant. Thus, there was not the requisite slight-corroboration necessary to establish the truth of appellee's assertion of general indignities. Accordingly, we reverse and dismiss.

Reversed and dismissed.

WHITEAKER and HIXSON, JJ., agree.

*Sarah M. Pourhosseini*, for appellant.

*Lucas Law, PLLC*, by: *Molly Lucas*, for appellee.

---

hate."