Raymond L. BAXLEY  *v.*  Susan B. BAXLEY

CA 03-922

167 S.W.3d 158

Court of Appeals of Arkansas
Division IV
Opinion delivered May 12, 2004

*D. Scott Hickam*, for appellant.

*Ronald G. Naramore*, for appellee.

KAREN R. BAKER, Judge. Appellant, Raymond Baxley, appeals from a decree of divorce entered by the Garland County Circuit Court. Appellant has three arguments on appeal. First, he argues that the trial court's determination that certain investment accounts were nonmarital was clearly erroneous. Second, he argues that the trial court's determination that the investment accounts were subject to "vesting" was clearly erroneous. Third, appellant argues that the trial court's decision to award appellee, Susan B. Baxley, the entire amount of the investment accounts controverts the factors set forth in Ark. Code Ann. § 9-12-315(a)(1)(A) (Repl. 2002) and was clearly erroneous. We reverse and remand.

The parties were married on July 11, 1990. During their marriage, the parties lived in the home in which Ms. Baxley lived prior to the marriage. Ms. Baxley had worked as a registered nurse for twenty-six years and at the time of the marriage was employed full time at the local hospital. Prior to the marriage, Mr. Baxley worked for Antimite, a pest control company, and part time as a fishing guide. However, he was injured in an automobile accident in 1989 and did not work during the marriage. He was awarded social security disability in 1991. Prior to the marriage, Ms. Baxley had a 401(k) Retirement Savings Plan, which contained $22,257.65. The plan was funded by her earnings and by matching funds from the hospital where she worked. The plan continued to be funded until Ms. Baxley suffered a stroke in October 2001. She was terminated by the hospital after her sick and leave time and her vacation time expired. Once she was terminated, her original account and an account containing $9,000, which was separated because it had already been taxed, was rolled over into an account at Edward Jones. At the time of the hearing, the accounts were valued at $231,437.48 and $9,275.07.

At the time of the divorce, the only issue in dispute was the division of the financial accounts. At the time of the divorce, Mr. Baxley was sixty-six, and Ms. Baxley was sixty. Ms. Baxley received social security and an additional disability check, which was scheduled to terminate after eighteen months. At the hearing, Ms. Baxley expressed her fear that her financial plan was going to be insufficient in the future. She testified that Mr. Baxley spent quite a bit of money during their marriage; thus, she feared that because she had suffered a stroke and could not work, the money that she accumulated in her retirement up to that point would not

be sufficient to support her. Ms. Baxley testified that she could not withdraw from the investment account for two more years without incurring a penalty.

At the conclusion of the hearing, the trial court awarded both investment accounts to Ms. Baxley as her sole and separate property. From that decision, comes this appeal.

Although appellant argues that the trial judge referred to the investment accounts as nonmarital property in her oral ruling, the judge did not repeat that error in the written order. Pursuant to Administrative Order 2(b)(2) (2003), an oral order announced from the bench does not become effective until reduced to writing and filed. *Judkins v. Hoover*, 351 Ark. 552, 95 S.W.3d 768 (2003). This rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. *Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000). Furthermore, the court's enumeration of factors listed in Ark Code Ann. § 9-12-315(a)(1)(A)(i)-(ix) required for consideration before awarding an unequal distribution of marital property indicates that despite any misstatements from the bench, the court was treating the investment accounts as marital property. Similarly, the trial judge's misstatement that the accounts would not vest for two years, although erroneous, *see Day v. Day*, 281 Ark. 261, 663 S.W.2d 719 (1984) (holding that husband's interest in retirement plan was "vested" because it could not be unilaterally terminated by the employer without also terminating the employment relationship), is not repeated in the written order. It appears from the context of the remark that the trial judge intended only to recognize that funds could not be withdrawn without penalty for two years.

Appellant's third argument on appeal is that the trial court's decision to award Ms. Baxley the entire amount of the investment accounts controverts the factors set forth in Ark. Code Ann. § 9-12-315(a)(1)(A) and was clearly erroneous. Arkansas Code Annotated section 9-12-315 governs the division of marital property and provides in relevant part:

(a) At the time a divorce decree is entered:

(1)(A) All marital property shall be distributed one-half (1/2) to each party unless the court finds such a division to be inequitable. In that event the court shall make some other division that the court deems equitable taking into consideration:

(i) The length of the marriage;

(ii) Age, health, and station in life of the parties;

(iii) Occupation of the parties;

(iv) Amount and sources of income;

(v) Vocational skills;

(vi) Employability;

(vii) Estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income;

(viii) Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a home-maker; and

(ix) The federal income tax consequences of the court's division of property.

(B) When property is divided pursuant to the foregoing consider-ations the court must state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the order entered in the matter.

A trial judge has broad powers to distribute property in order to achieve an equitable distribution. *Keathley v. Keathley,* 76 Ark. App. 150, 61 S.W.3d 219 (2001). The overriding purpose of the property-division statute is to enable the court to make a division of property that is fair and equitable under the circum-stances. *Id.* With respect to the division of property in a divorce case, we review the trial judge's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence. *Thomas v. Thomas,* 68 Ark. App. 196, 4 S.W.3d 517 (1999). A trial court's finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Dial v. Dial,* 74 Ark. App. 30, 44 S.W.3d 768 (2001). In reviewing a trial court's findings, we defer to the trial judge's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Keathley, supra.* We note

that the statute does not compel mathematical precision in the distribution of property; it simply requires that marital property be distributed equitably. *See Keathley, supra.*

While some evidence may have supported an unequal division of marital property in this case, the trial judge failed to state reasons in the written order supporting the unequal division. The written order listed the factors to be considered such as length of marriage, the age and health of the parties, the amount and sources of income of the parties, the employability of the parties, the needs of each party, and the contribution of each party in the acquisition of the marital property; and concluded that "all of these factors weigh in favor of the Plaintiff." However, the order failed to include findings explaining why the factors supported an unequal division of marital property. Ark. Code Ann. § 9-12-315(a)(1)(B); *Young v. Young,* 288 Ark. 33, 701 S.W.2d 369 (1986) (holding that when a trial court makes an unequal division of marital property, it must state its reasons for doing so).

We note that the trial judge stated in her oral ruling that she was going to allow Ms. Baxley to keep the investment accounts as her sole and separate property because "they're from her sole earnings." Appellee argues that it is clear from this ruling that the most important factor was the contribution of each party in acquisition, preservation, or appreciation of the marital property and cites this court's holding in *Stout v. Stout,* 4 Ark. App. 266, 630 S.W.2d 53 (1982), for the proposition that only one factor need be given to support an unequal distribution.

While we agree that no specific number of factors need be given, we disagree that simply reciting the source of the funds equates to a proper consideration of the contribution of each party in the acquisition, preservation, or appreciation of marital property. Although Ms. Baxley's earnings were the source of the funds in the investment account, the trial court's order makes no findings as to the contribution *of each party* as contemplated by Ark. Code Ann. § 9-12-315(1)(A)(vii). (Emphasis added.) In fact, the order makes no finding at all concerning Mr. Baxley's contribution, or lack thereof, and, consequently, there is no explanation as

to why an equal division of the marital property was inequitable.[1] In the absence of such an explanation, and in light of the presumption that marital property will be divided equally, we must reverse and remand for entry of an order that demonstrates proper consideration of the statutory factors. *See Harvey v. Harvey*, 295 Ark. 102, 747 S.W.2d 89 (1988) (holding that the failure of the trial judge to explain why marital property was divided unequally between the parties required reversal and remand of award).

HART and VAUGHT, JJ., agree.

---

[1] These contributions may be non-monetary. *See Davis v. Davis,* 79 Ark. App. 178, 84 S.W.3d 447 (2002) (one spouse's contribution to the marital property through providing household services, rearing children, and attending to other spouse's health needs was of equal value to the other spouse's producing income through farm labor and contributed to the farm's appreciation in value); *cf. Keathley v. Keathley,* 76 Ark. App. 150, 61 S.W.3d 219 (2001) (finding that there was no contribution to the martial property by the spouse in cleaning up after himself and taking care of the finances where his handling of the finances enabled him to defraud the other spouse by incurring debt in her name without her knowledge).