SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-17-266

| | |
|---|---|
| MICHAEL WAYLAND TIPTON, SR. <br> APPELLANT | **Opinion Delivered** November 8, 2017 |
| | |
| V. | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. 53DR-15-72] |
| | |
| | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| PAMELIA KAY TIPTON <br> APPELLEE | REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

The Perry County Circuit Court granted appellee Pamelia Tipton's complaint for divorce. In the divorce decree, the court ordered an unequal division of marital property. On appeal, appellant Michael Tipton argues that the circuit court erred as a matter of law by not considering the factors set forth in Arkansas Code Annotated section 9-12-315(a) (Repl. 2015). We agree, and we reverse and remand.[1]

### I. *Background*

Pamelia and Michael were married in 1992. In 2015, Pamelia filed a complaint for divorce, and the matter proceeded to a contested hearing. Among the issues contested were real property interests and retirement accounts. Both parties admitted that real estate was

---

[1]This is the second appeal in this case. The first appeal was dismissed for lack of a final, appealable order. *Tipton v. Tipton*, 2016 Ark. App. 511. A final order has since been entered, and the matter is now properly before us.

purchased in both Pamelia and Michael's names in 1993. In 2000, the couple conveyed the property solely to Pamelia because of the possibility of a lien being placed on it by the Texas Office of Child Support Enforcement.[2] They later purchased a new mobile home for the property but titled it solely in Pamelia's name because she had better credit.

With respect to their retirement accounts, Pamelia was fully vested in her own 401(k), which had a value at the time of trial of approximately $9,900. The evidence concerning Michael's retirement was less clear. Pamelia said that she believed Michael had numerous retirement funds, including a plan from Dean's Pickle Plant in Atkins, a plan from Deltic Timber, and a carpenter's annuity through a millwright's union. Michael stated that he did not "know anything about those accounts." Neither Pamelia nor Michael presented the court with any evidence of vestment or value of Michael's alleged retirement.

At the conclusion of the trial, the circuit court ruled from the bench and appeared to conclude that the real property was not marital property, citing Arkansas Code Annotated section 9-12-315(b)(4), which excludes from the definition of "marital property" "property excluded by valid agreement of the parties." Relying on *McClure v. McClure*, 220 Ark. 312, 247 S.W.2d 466 (1952), the court determined that a husband is not entitled to the return of real estate transferred to a wife during the marriage if the transfer was for the purpose of defrauding his creditors. Accordingly, the court orally awarded the real property and the trailer to Pamelia. The court directed that Pamelia would keep her retirement and be

---

[2]Michael owed approximately $36,000 in child-support arrearages in Texas.

SLIP OPINION

responsible for the debt against it, and Michael was to keep his retirement accounts, "whatever, wherever they are and whatever their value may be or become."

The court later entered a written decree that differed from its oral announcements from the bench. With respect to the real property, the court's written decree stated that it

> elects to make an unequal distribution of the parties' real property because [Michael] admitted that the mobile home was placed in the name of [Pamelia] with the aim of keeping the home out of the hands of [Michael's] creditors. . . . The court further finds that based upon the testimony of both parties, this property and the mobile home are placed in the name of [Pamelia] for the purpose of protecting same against certain potential liabilities that would be imposed upon [Michael], and that same was done by agreement of the parties.
>
> The court finds and orders that the title to the mobile home and the above described property shall be the property of [Pamelia] as shown on the purchase agreement for the mobile home and the quitclaim deed introduced herein[.]

In addition, the court determined that Pamelia was entitled to all of her 401(k) and any other retirement plans and that Michael was entitled to all of his retirement plans.

Michael filed a timely notice of appeal. On appeal, he argues that the circuit court erred when it made an uneven distribution of marital assets without addressing the factors set out in Arkansas Code Annotated section 9-12-315(a)(1).

This court reviews cases involving the division of marital property de novo. *Beck v. Beck*, 2017 Ark. App. 311, at 6, 521 S.W.3d 543, 546. With respect to the division of property in a divorce case, we review the circuit court's findings of fact and affirm them unless they are clearly erroneous or against the preponderance of the evidence. *Skokos v. Skokos*, 344 Ark. 420, 425, 40 S.W.3d 768, 771–72 (2001). A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm

conviction that a mistake has been committed. *Id*. at 425, 40 S.W.3d at 772. In order to demonstrate that the circuit court's ruling was erroneous, an appellant must show that the circuit court abused its discretion by making a decision that was arbitrary or groundless. *Id*. We give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Sanders v. Passmore*, 2016 Ark. App. 370, at 7, 499 S.W.3d 237, 243.

III. *Discussion*

Although Michael raises three separate points on appeal, they each present the same question: Did the circuit court err in making an unequal division of marital property without appropriate consideration of the factors established in Arkansas Code Annotated section 9–12–315(a)(1)(A)? We conclude that the circuit court erred.

Before considering the merits of Michael's argument, however, we must address Pamelia's contention that the circuit court found that the property was nonmarital property and that there was thus no need for the court to discuss the statutory factors. As noted above, the court's ruling from the bench seemed to indicate that the court was finding that the real estate was not marital property. Pursuant to Arkansas Supreme Court Administrative Order No. 2, however, an oral order announced from the bench does not become effective until reduced to writing and filed. *Baxley v. Baxley*, 86 Ark. App. 200, 204, 167 S.W.3d 158, 160 (2004) (citing *Judkins v. Hoover*, 351 Ark. 552, 95 S.W.3d 768 (2003)).

In *Baxley*, the circuit court ruled from the bench that the divorcing couple's assets were nonmarital property. Its written decree, however, made an unequal distribution of the

couple's property and listed the nine factors set out in section 9–12–315(a)(1)(A)(i)–(ix). This court held that the fact that the court enumerated the statutory factors in the written order to support an unequal distribution indicated that "despite any misstatements from the bench, the court was treating the investment accounts as marital property." *Baxley*, 86 Ark. App. at 204, 167 S.W.3d at 161. Likewise, here, the circuit court expressly stated in its written order that it was making an unequal distribution of property, a statement that would be unnecessary if the court considered the property to be nonmarital. We therefore conclude that the written order, which controls over the circuit court's oral pronouncements from the bench, found the property to be marital property.

We thus turn to Michael's argument that the circuit court erred in failing to consider the section 9–12–315(a)(1)(A) factors in making its unequal distribution of marital property. Under section 9–12–315(a)(1)(A), all marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable. In that case, the court shall make some other division that the court deems equitable, taking into consideration a list of nine factors:

(i) The length of the marriage;

(ii) Age, health, and station in life of the parties;

(iii) Occupation of the parties;

(iv) Amount and sources of income;

(v) Vocational skills;

(vi) Employability;

(vii) Estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income;

(viii) Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and

(ix) The federal income tax consequences of the court's division of property.

When property is divided unequally based on those factors, "the court *must* state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the order entered in the matter." Ark. Code Ann. § 9-12-315(a)(1)(B) (emphasis added). When a circuit court does not recite any of the statutory reasons why an unequal distribution is equitable, reversal is required. *Wadley v. Wadley*, 2012 Ark. App. 208, at 7, 395 S.W.3d 411, 416; *see also Watkins v. Watkins*, 2012 Ark. App. 27, 388 S.W.3d 53 (In the absence of an explanation of an unequal distribution of marital assets, the case was remanded for entry of an order that demonstrated proper consideration of the statutory factors.).

It is plain from the circuit court's written order on the distribution of the marital property, set out above, that it failed to consider or recite any of these factors. We therefore agree with Michael that the circuit court's order distributing the marital land, marital home, and retirement accounts[3] was entered in error.

Reversed and remanded.

---

[3]Pamelia's retirement account was clearly marital property. She testified and introduced documents showing that she was vested in her 401(k) plan at the time she filed for divorce. Retirement benefits in which a person is vested at the time of the divorce are marital property. *See Womack v. Womack*, 16 Ark. App. 139, 142, 698 S.W.2d 306, 308 (1985) (vested retirement benefits not yet due and payable are marital property subject to division on divorce when based on contributions made or services rendered during the marriage).

ABRAMSON and GLADWIN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Branscum Law Offices*, by: *Herby Branscum, Jr.*, and *Elizabetth Branscum Burgess*, for appellee.