BART F. VIRDEN, Judge
Tambre Qualheim seeks to reverse the Craighead County Circuit Court's denial of her motion to set aside the adoption decree regarding her biological child, SR. We affirm.
I. Relevant Facts
Jason Roush and Tambre Qualheim are the biological parents of SR (born 9/28/10). In 2011, Jason and Tambre were divorced by order of the Poinsett County Circuit Court.[1] In 2012, Jason married April. In 2015, the circuit court awarded Jason legal custody of SR and granted Tambre visitation subject to her submission to drug testing. On February 15, 2017, the Roushes filed a petition for adoption in the Craighead County Circuit Court requesting that April be named the parent of SR.[2] In the petition, the Roushes asserted that Tambre's consent to adoption was not necessary because she had abandoned SR and that for a period of at least one year, Tambre had failed significantly and without justification to communicate with SR or provide for her care and support. The Roushes contended that because Tambre had abandoned SR, she was unreasonably *11 withholding consent to adoption. On the same day, the summons regarding the petition for adoption was issued. The summons stated that Tambre had thirty days to respond with a written answer or motion and that failure to respond would result in a default judgment. Proof of service was returned showing that the complaint and summons were hand delivered to Tambre on February 21, 2017.
Also on February 15, Jason filed a motion to modify or suspend the visitation set out in their ongoing domestic-relations case. In the petition, Jason asserted that a change of circumstances had occurred; namely, that Tambre had refused multiple drug screens and that she had falsely stated that her visitation was being supervised, which was required if she refused to submit to drug screening. Jason requested that the court order immediate drug testing. The notice of hearing was issued on February 15, and it erroneously stated that a hearing on the matter was scheduled for March 6 at 9:30 at the Craighead County Courthouse. In fact, because the case was a continuation of the divorce proceedings, the hearing was to be held at the Poinsett County Courthouse.
On March 6, 2017, Tambre arrived late to the hearing due to the mistake in the summons. In the order entered the same day, the Poinsett County Circuit Court found that Tambre had failed to appear and that she was ordered to submit to urine, hair-follicle, and nail testing no later than March 9. The circuit court found that if she failed to submit to testing, she would be deemed to have failed the test, and her visitation would be suspended.
On March 24, 2017, the decree of adoption was entered by the Craighead County Circuit Court. In the order, the circuit court found that Tambre had been served with the adoption petition by process server and that she had not responded. The circuit court also found that Tambre's consent to the adoption was not necessary because she had unreasonably withheld her consent contrary to SR's best interest.
On August 3, 2017, Tambre filed a motion to set aside the decree. In her motion she stated that on February 15, 2017, the Roushes filed a petition to suspend or modify the visitation set out in their continuing domestic-relations case in the Poinsett County Circuit Court, and on the same day the Roushes also filed a petition for adoption in the Craighead County Circuit Court. The notice of hearing for the petition to modify visitation erroneously indicated that the hearing would be held at the Craighead County Courthouse, and Tambre was late to the hearing because she had relied on the summons and initially had gone to the wrong courthouse. Tambre asserted that when she appeared at the hearing on the motion to modify visitation, she believed she was there, in part, to contest the petition to adopt. Tambre explained that the circuit court held the hearing when she arrived, that she agreed to submit to drug testing, that she was ordered to refrain from clipping her nails, and that her nails were photographed. Tambre stated that she "passed" the drug screen; however, after the hearing, the Poinsett County Circuit Court erroneously entered an order finding that Tambre had failed to appear.
Tambre asserted that at the adoption hearing on March 24, the Roushes misrepresented to the court that she had failed to answer the adoption petition or otherwise appear and that she was in default. Tambre argued that
[p]etitioners manipulated the procedural status of the case(s) to obtain a decree of adoption on March 24, 2017, via default despite the fact that Tambre Qualheim did not consent, appeared on March 6, 2017, for the only hearing for which she *12 was given notice, thought she was there to also defend against the adoption petition and submitted herself to, and complied, with other orders of the Court in the related, ongoing custody case.
Tambre contended that she should have been given notice of the adoption hearing because she had appeared in court to contest the adoption, and her consent to the adoption was necessary. Tambre asserted that under Arkansas Rule of Civil Procedure 55(c), the court should set aside the default judgment based on "procedural irregularities," the lack of required notice, the fundamental rights at stake, the absence of her required consent, and the Roushes' misrepresentations to the court.
On September 1, 2017, the Roushes responded to the motion to set aside the default judgment. They agreed that Tambre had appeared late at the hearing regarding the petition to suspend visitation; however, they denied that Tambre passed the drug test because she had failed to submit to nail testing. The Roushes contended that any error in the court's statement that she had failed to appear was harmless because the court had held the hearing, and the outcome of the hearing-that Tambre was ordered to undergo drug testing-was the same as it would have been if she had not appeared. The Roushes denied making any false representation to the court, explaining that Tambre was in default as to the adoption petition because she had never filed a written response or otherwise appeared in the case. The Roushes contended that they were not required to give Tambre notice of any further hearings on the matter because she was in default. Due-process requirements were met, according to the Roushes, by serving Tambre with a valid summons and a copy of the petition for adoption.
On February 6, 2018, a hearing was held on Tambre's motion to set aside the adoption decree. Tambre did not testify at the hearing. The court noted that Tambre did not file a response to the petition for adoption; thus, it had entered the order granting the petition by default judgment. The circuit court stated that "[t]he question today is really whether or not there's a requirement that a separate hearing notice of hearing be sent." Counsel contended that when Tambre appeared in court on March 6, 2017, she believed that she was there to address the petition to modify visitation as well as the adoption petition. Counsel explained that on February 21, 2017, Tambre received a copy of the motion to modify visitation and a notice of a hearing on that motion. On the same day, she also received the petition for adoption and a summons for the petition, which did not give notice of a hearing. Essentially, counsel argued that Tambre was confused by the number of documents she received in one day, which led her to reasonably believe that she had appeared in the case when she arrived at the March 6 hearing. It was undisputed that Tambre did not file a response to the petition for adoption, but counsel asserted that she was not represented by an attorney, and that "she showed up, she argued it and she thought that was all." Counsel argued that the Roushes misrepresented to the court that Tambre did not "otherwise appear" for the adoption petition and that setting aside the default judgment was warranted because she had appeared in a related case.
The Roushes denied that they misrepresented facts to the court because it was true that Tambre had not filed an answer to the petition for adoption and that she had not otherwise appeared in the matter. Additionally, the Roushes asserted that because Tambre did not file an answer to the petition for adoption she was in default, and no notice of the adoption hearing was required. The court acknowledged that it *13 did not consider the lack of a notice requirement under these circumstances ideal; however, it stated that
[p]eople file multiple lawsuits all the time. Would it have been better to serve them separately? Yeah, probably. It would have been clearer but people serve them all the time. As long as there was a separate summons, I don't know there was anything irregular about that. They were wanting to go both ways. Had she filed an answer in the adoption, they were going to need to proceed in the other one. They don't know when they serve her if she will file an answer or not.
The court orally denied Tambre's motion to set aside the judgment, finding that Tambre had been properly served with the petition for adoption and that she admitted that she had failed to answer the petition. The court noted that Tambre did not file an answer to the motion to modify visitation either, and that had she done so, the court might have thought she was confused about whether she needed to file an answer in both. The court stated, "I would be in a better position to reverse this if she had filed a timely response in either one of them." Ultimately, the court found "I cannot find a factual basis on which I can order this set aside. True, the court has discretion, but I'm also a judge by abuse of discretion standard. In order for me to set this aside, I need to find something, some error, some lack of notice, and I don't see it."
On April 24, 2018, the circuit court entered a written order denying Tambre's motion to set aside the decree of adoption. In the order, the circuit court accepted the parties' joint stipulation of facts, and it found that Tambre had been properly served with process, that she had failed to answer the petition, and that she had not provided sufficient proof to set aside the adoption decree. An amended order was entered on May 2, 2018, in which the circuit court stated that it had considered Tambre's argument that her consent to adoption was required, that it should set aside the default judgment pursuant to Rule 55(c), and that her due-process rights had been violated by the entry of the decree of adoption but that Tambre had failed to provide a sufficient basis to set aside the adoption decree. Tambre timely filed her notice of appeal.
II. Issues on Appeal
A. Arkansas Rule of Civil Procedure 55(c)
Tambre asserts that she mistakenly-but reasonably-believed that she appeared in court on March 6 to contest the adoption petition as well as the petition to modify visitation; thus, the circuit court erred in denying her motion to set aside the adoption decree pursuant to Arkansas Rule of Civil Procedure 55(c)(1). In a closely related argument, she contends that the Roushes misrepresented to the court that she had not responded to the petition to adopt and that the circuit court should have set aside the adoption decree pursuant to Rule 55(c)(3). Also under this heading, Tambre argues that the circuit court failed to exercise its discretion and that it based its decision, in part, on a misapprehension of the law. Tambre does not present a meritorious argument for reversal, and we affirm.
The standard by which the appellate court reviews the granting of a default judgment and the denial of a motion to set aside the default judgment is whether the circuit court abused its discretion. Nissan N. Am., Inc. v. Harlan , 2017 Ark. App. 203, at 6, 518 S.W.3d 89, 93. The abuse-of-discretion standard is "a high threshold that does not simply require error *14 in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration." Gulley v. State , 2012 Ark. 368, at 10, 423 S.W.3d 569, 576.
A petitioner is entitled to default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against the complaint. Ark. R. Civ. P. 55(a). The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Ark. R. Civ. P. 55(c).
As we stated above, Tambre's assertions of mistake and misrepresentation are closely related, so we address them together. Tambre argues on appeal that she reasonably yet mistakenly failed to respond to the adoption petition because she was confused by the various court documents delivered to her on the same day; thus, her appearance in the domestic-relations case constituted an appearance in the adoption case, and the Roushes misrepresented to the court that she had not appeared.
At the hearing, the circuit court did not find Tambre's assertion of mistake and misrepresentation persuasive, stating that
[i]t's not contested or denied that an answer was not filed. It's not contested that there was a separate summons in the other lawsuit. There's no evidence before the court of something that prevented her from filing a response in either lawsuit. Had she filed a response in the divorce case, then I could probably see why she didn't file one in the adoption. I could say, oh well, she was confused. She thought that covered both of them or whatever, and it would also be evidence of her intent to contest it. But in this instance, she didn't file a response in either one. I would be in a better position to reverse this if she had filed a timely response in either one of them.
The circuit court determined that Tambre had not offered sufficient proof of mistake to merit setting aside the decree. Essentially, the court found that Tambre's assertion that she believed she had appeared in court regarding the adoption petition was not credible. Tambre admitted that she had been properly served and that she had failed to file a response in either matter, and the court explained that without a response to either the petition to adopt or the petition to modify visitation, it would not infer that she intended to contest the petition to adopt. As the Roushes point out in their brief, there is no evidence that the petition to adopt was mentioned at the hearing on the petition to modify. The stipulated facts agreed to by the parties and incorporated into the court's order do not recount any testimony or argument regarding the adoption petition. Rather, the stipulated facts set forth that the Poinsett County Circuit Court ordered drug testing and performed certain drug tests, and counsel took photographs of Tambre's fingernails for future drug-testing purposes.
Tambre characterizes the court's rejection of her assertions of mistake and misrepresentation as failing to employ any discretion. We disagree. The court stated,
I can't find a factual basis on which I can order this set aside. True, the court has discretion, but I'm also a judge by an abuse of discretion standard. In order for me to set this aside, I need to find something, some error, some lack of notice and I don't see it. To me the strongest argument is that maybe in adoption *15 cases you should have to notice them up of the default hearing, but I do not think that is the law right now. I think maybe it should be, but I don't think that is the law right now. Other than that she missed the deadlines and this is her child, I don't have a good argument.
The circuit court clearly considered the events leading up to the entry of the default judgment, and it found that there was insufficient proof that Tambre intended to contest the petition to adopt. We hold that the circuit court appropriately exercised its discretion and affirm. See West v. West , 103 Ark. App. 269, 273, 288 S.W.3d 680, 684 (2008).
Tambre also contends that the circuit court based its decision on a misapprehension of law; specifically, that an order granting a motion to set aside is an appealable order. The circuit court stated from the bench that "[t]hey're going to appeal it if I set it aside now because they're going to say this is what the rule says." However, in the written order, the circuit court found that Tambre was properly served with the petition for adoption and that she failed to timely file an answer. The circuit court denied her motion to set aside, determining that Tambre had "failed to provide a sufficient basis to set aside the Adoption Decree entered, herein, on March 24, 2017."
In the written order, the court did not repeat its statement regarding the Roushes' possible appeal. Pursuant to Arkansas Supreme Court Administrative Order No. 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed. Baxley v. Baxley , 86 Ark. App. 200, 204, 167 S.W.3d 158, 160 (2004). This rule eliminates or reduces disputes between litigants over what a circuit court's oral decision in open court entailed. Id. The circuit court clearly based its decision on Tambre's failure to prove any of the grounds for setting aside the default judgment and not on a misinterpretation of law. On this point we affirm.
B. Meritorious Defense
Tambre asserts that she met the requirement of Arkansas Rule of Civil Procedure 55 that the petitioner must present a meritorious defense to the challenged default judgment; thus, the circuit court erred by denying her motion to set aside the default judgment. Specifically, Tambre argues that her consent to adoption is required by Arkansas Code Annotated section 9-9-207 (Repl. 2015), and the Roushes failed to obtain her consent. Tambre also argues that notice of the hearing on the petition for adoption is required by the Fourteenth Amendment, and her due process rights were violated because she did not receive notice. Tambre's argument that she is able to present a meritorious defense is not well taken, and we affirm.
According to Rule 55, the party seeking to set aside a default judgment must demonstrate a meritorious defense to the action; however, the fact that Tambre may have offered a meritorious defense to the underlying claim is not sufficient to support setting aside the default judgment. McGraw v. Jones , 367 Ark. 138, 143-44, 238 S.W.3d 15, 19 (2006). In McGraw , our supreme court held that "[w]hile it is true that defendants wishing to set aside default judgments must demonstrate a meritorious defense to the action, the defense in and of itself is not sufficient without first establishing one of the grounds laid out in Ark. R. Civ. P. 55(c)." Id. 238 S.W.3d at 19. Because Tambre did not prove that one of the grounds for setting aside the judgment was valid and supported reversal, we do not address her *16 claim of a meritorious defense to the default judgment.
Affirmed.
Klappenbach and Whiteaker, JJ., agree.

Case number 56DR-11-81.

Case number 16JPR-17-62.