Cite as 2024 Ark. App. 522
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-748

| | | |
|---|---|---|
| JUSTIN MCCARTHY | | Opinion Delivered October 30, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 23DR-22-435] |
| BROOKE MCCARTHY | | |
| | APPELLEE | HONORABLE SUSAN WEAVER, JUDGE |
| | | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Justin McCarthy appeals the denial of his motion to set aside a default divorce decree and motion to reconsider. Justin argues that (1) the circuit court erred in failing to set aside the default judgment; (2) the decree is clearly erroneous in granting sole custody of their two children to his ex-wife; and (3) the decree is void because it was entered without due process. We affirm.

The parties married in 2011, and in May 2022, appellee Brooke McCarthy filed a complaint for divorce from Justin in which she requested the court decide custody, visitation, child support, property division, and debt allocation. The parties continued to reside in the marital home. Justin was personally served in May 2022 but did not answer the complaint.

On August 22, 2022, the circuit court conducted a hearing and took evidence from Brooke about grounds for divorce, division of assets, custody, and child support. Brooke

affirmed to the circuit court that she told Justin about the hearing. Brooke testified, among other things, that Justin abused prescription drugs, which interfered with his ability to parent, and that Justin had been physically abusive to her. The circuit court entered a divorce decree that granted Brooke the divorce, granted Brooke primary custody (finding that Brooke had rebutted the presumption in favor of joint custody), granted Justin visitation, and set Justin's child-support obligation at $215 a month. The decree ordered the marital residence sold and the proceeds divided. Each party was allowed to keep his or her vehicle and would be responsible for any related debts, and the parties were ordered to equally divide responsibility for any unsecured debts.

In October 2022, Justin moved to set aside the custody and visitation portions of the decree and requested reconsideration. Justin cited Arkansas Rule of Civil Procedure 55(c)(3) and (4) to support his motion. He claimed that Brooke committed fraud or misconduct by not notifying him of the August hearing and by continuing to share a bed with him and that a serious miscarriage of justice would result concerning custody and visitation rights if the decree was not set aside or reconsidered. In short, Justin wanted joint custody, which is what he thought he and Brooke were working toward. Months passed, and various motions were filed by the parties.

After conducting a hearing in July 2023, the circuit court entered an order denying Justin's motion to set aside and to reconsider. The circuit court found Justin's claim that he did not know about the August 2022 hearing not credible. The circuit court believed Brooke had informed Justin of the August 2022 hearing, bolstered by evidence of text messages from

2

Justin to Brooke in July 2022 informing her that he had attorneys and was no longer interested in discussing dates relevant to the divorce. The circuit court found that Justin was properly served the complaint, he failed to file a responsive pleading, and he was not entitled to further notices. The circuit court additionally found that Justin was requesting that the default divorce decree be *partially* set aside, which was not a proper reason to set aside the decree. The circuit court did not specifically rule on Justin's claim about the circuit court's custody decision in the decree. Justin filed a notice of appeal in August 2023.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Arkansas Rules of Civil Procedure, a default judgment may be entered against him. *See* Ark. R. Civ. P. 55(a). Default judgments are not favorites of the law and should be avoided when possible. *Riggs v. Riggs*, 2020 Ark. App. 381, 606 S.W.3d 588. One reason courts are admonished to avoid default judgments when possible is that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *Id.* Our standard of review depends on the grounds upon which the appellant is claiming that the default judgment should be aside. *Id.* When the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.* In all other cases where we review a motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.*

Justin asserted that he was entitled to relief from the default judgment pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, citing two reasons: Brooke's

misrepresentations and misconduct; and the miscarriage of justice by not having a full hearing on the issues of custody and visitation. These are the only two arguments raised to the circuit court and ruled on, so our appellate review is limited to the rulings made on those arguments. We have held that Rule 55 is a vehicle for relief from a default divorce decree. *Bell v. Bell*, 2023 Ark. App. 246, 666 S.W.3d 874.

The circuit court clearly considered the events leading up to the entry of the default judgment, and it found that Justin simply failed to appear or defend and failed to prove grounds to set the decree aside. We hold that the circuit court appropriately exercised its discretion and affirm. *See Qualheim v. Roush*, 2019 Ark. App. 83, 572 S.W.3d 9.

We reject Justin's due-process argument because it is raised for the first time on appeal. We will not consider arguments made for the first time on appeal, even constitutional arguments, because doing so deprives the circuit court of the opportunity to fully develop the issue. *Lewis v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 66, 684 S.W.3d 262. Accordingly, Justin's argument is not preserved for our review.

On the record as it stands and the arguments as they were presented, we cannot say the circuit court's findings constituted an abuse of discretion. Therefore, there was no reason to set aside the default judgment. The circuit court's denial of the motion to set aside the default judgment is affirmed.

Affirmed.

THYER and WOOD, JJ., agree.

*Charlie Cunningham*, for appellant.

4

*The Bargar Law Firm, P.A.*, by: *James L. Bargar*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.