Cite as 2025 Ark. App. 432

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-24-234

| | |
|---|---|
| LESTER KEITH HAMAKER<br>APPELLANT<br><br>V.<br><br>DONNA HAMAKER<br>APPELLEE | Opinion Delivered September 17, 2025<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26DR-22-309]<br><br>HONORABLE CECILIA DYER, JUDGE<br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

Pro se appellant Lester Keith Hamaker (Lester) appeals after the Garland County Circuit Court entered its July 3, 2023, order in favor of appellee Donna Hamaker (Donna). On appeal, Lester lists the following three points: (1) "The circuit court acted unreasonably, committed a clear error of judgment and sound discretion, acted against the interest of justice, and committed an error of law in ruling that Appellee met the standards required by law to prove General Indignities. The Court also committed an Abuse of Discretion as well"; (2) "The Circuit Court acted unreasonably, committed a clear error of judgment and sound discretion, acted against the interest of justice, and committed an error of law by failing to recognize Unclean Hands by the Appellee and the Undue Influence committed upon her. The Court also committed an Abuse of Discretion as well"; and (3) "The Circuit Court acted unreasonably, committed a clear error of judgment and sound discretion, acted against the

interest of justice, and committed an error of law by acting in a manner that hampered and restricted Appellant's Right of Due Process in Cross Examination and Direct Testimony, especially in his ability to rebut. The Court also committed an Abuse of Discretion as well." We affirm.

## I. *Relevant Facts*

Lester and Donna were married on December 17, 1988, and lived separate and apart without cohabitation since February 15, 2022. This case began on May 2, 2022, when Donna filed her complaint for divorce. In her complaint, she alleged general indignities as grounds for divorce pursuant to Arkansas Code Annotated section 9-12-301(b)(3)(C) (Repl. 2020), which had occurred within the state during the past five years. Lester filed his pro se answer denying that Donna had been subjected to general indignities and asked that her complaint be dismissed.

On June 23, 2022, Lester, through counsel, filed a motion for preservation of assets and expedited hearing. Lester argued that an expedited hearing was necessary because the parties were required to designate property to complete an exchange pursuant to section 1031 of the Internal Revenue Service Code by July 7, 2022. In response, Donna generally denied the allegations and asked that Lester's motion be denied and dismissed. After a hearing, the circuit court filed a temporary order denying Lester's motion on September 1, 2022.

The circuit court filed an agreed order on December 20, 2022. In that order, the circuit court noted that a final order of protection against Lester had been filed on April 26,

2

2022, in a separate case and that Lester was appealing the court's denial of his motion to reopen that case.[1] Accordingly, the circuit court ordered that the parties were allowed to attend in-person discovery depositions in the pending divorce case. However, the parties agreed that they would "behave in a civil and appropriate manner during the depositions," that neither party would "talk to the other party directly," and that the parties would "not make threats or try to intimidate the other party through their answers and comments during depositions."

On April 24, 2023, Lester's counsel filed two motions. First, counsel sought permission to withdraw as counsel. Second, counsel asked that the scheduled final hearing set on August 16, 2023, be set for August 2, 2023, because Lester desired an earlier hearing. Lester's counsel was permitted to withdraw on May 1, 2023. Lester filed a notice that he intended to proceed pro se and filed his own request for emergency setting of trial to change his final hearing date. The circuit court filed a letter denying Lester's emergency request, determining that there was no emergency that warranted resetting the matter.

A two-day final divorce hearing was held on August 16 and October 4, 2023. At the beginning of the August 16 hearing, Donna's counsel objected to Lester leaving "blown up" documents placed on an easel and set in the middle of the courtroom. The circuit court instructed Lester to take down the items and leave them at his table until he could use them in "an appropriate manner." The circuit court further reminded Lester that it would hold

---

[1]We recently affirmed the circuit court's denial of Lester's motion to reopen the order of protection case. *Hamaker v. Hamaker*, 2025 Ark. App. 156, 708 S.W.3d 839.

3

Lester to the same standard as if he was a licensed attorney authorized to practice law, including requiring him to follow the Arkansas Rules of Evidence and the Arkansas Rules of Civil Procedure.

During opening statements, Donna's counsel asked that the complaint for divorce be modified to conform to the evidence and amended to include an additional ground for divorce. She explained that the parties had been living separate and apart for more than eighteen consecutive months pursuant to Arkansas Code Annotated section 9-12-301(b)(5). Accordingly, Donna's counsel argued that two grounds for divorce existed—general indignities and eighteen months' separation—and maintained that corroborating witnesses would testify to that effect.

During Lester's opening statement, he objected to Donna's being allowed to amend her complaint. He further maintained that no one loved Donna more than he and that no one had "done more to dignify her than" he had. Lester essentially stated that he contested the grounds for divorce.

Although a detailed recitation of all the evidence presented is unnecessary to resolve the issues on appeal, a brief summary of the evidence presented is helpful to provide context. The parties' son, Aaron Hamaker, testified that he recalled hearing Lester yell at Donna many times. He stated that he remembered one of those times occurring in November 2021 after a church service. He explained that Lester had berated both Donna and him for approximately three hours. Aaron said that there were other instances within the past five years during which Lester would curse at Donna and call her "dumb" and "stupid." Donna

4

would "pass[ ] out" on occasion, but Lester would not obtain any treatment for her. Aaron saw Lester whip Donna with a belt, and Aaron helped Donna secure a credit card that was billed to his address because Lester limited Donna's access to money. Aaron described Donna as more "upbeat" and "more healthy" since she left the marital home.

On cross-examination, Aaron admitted that he had not ever known his mother to "hate" anyone, and he did not think Lester hated Donna. However, on redirect, Aaron explained that within the last five years, Lester had said many hurtful things to Donna that could be construed as hate, had forced Donna to agree with him, and was controlling of Donna. Upon further questioning by the circuit court, Aaron testified that he thought Donna was afraid of Lester because she cried and did not want to go home when she was with him, and there was a lot of yelling when he was at home with them.

Gale Peebles, Donna's sister, testified that she has a close relationship with Donna, but Lester would limit the contact Donna was allowed to have with her. There were times she did not think certain text messages she received were actually from Donna because of how Donna normally texted. On February 15, 2022, Gale received a phone call from Donna. Donna sounded frightened, and Gale helped Donna get a hotel room away from the marital home. After that date, Donna moved to Cave City and would sometimes stay with her in Jonesboro. Gale explained that she was concerned for Donna's safety. When asked about how Lester acted around Donna in the last five years of their marriage, Gale said that Lester acted like he was in control, and Donna had to ask his permission for everything. Lester had made derogatory comments about Donna at Gale's home, during phone calls, and in letters.

5

Gale was aware that Donna had obtained an order of protection against Lester in February 2022 and explained that Lester had also violated that order.

Donna testified that she had lived separate and apart from Lester since February 15, 2022. She explained that she obtained an agreed three-year order of protection against Lester after she left the marital home. She said that Lester had violated the order on numerous occasions---once, by showing up at her residence. Donna testified that she left the home on February 15, 2022, because Lester had become upset that her aunt had called her cell phone on Valentine's Day. Lester took her cell phone and disconnected the house phone so she could not use it. Donna said that Lester had taken her cell phone from her on other occasions as well. When she tried to grab her cell phone from Lester, she fell in the dining room. Lester held up her phone and ran around the house, telling her that she could not get it. She grabbed her keys and left the home in her vehicle, and Lester followed her and tried to block her in his vehicle. She was able to get away and stopped at Walmart to call her sister for help.

Donna described multiple incidents that occurred within the last five years in support of her contention that Lester treated her with such indignities that her life with Lester became intolerable. Donna stated that approximately two weeks before she left on February 15, 2022, Lester hit her in the face with a cell phone that he threw in anger and caused bruising. A photograph of the bruising was admitted into evidence without objection. Lester threatened to take her before the deacons at their church if she told anyone what happened. Donna testified that she had previously attempted to leave the marital home, but Lester

6

would disconnect battery cables on cars and block the cars in order to prevent her from leaving. Lester would lock the keys and credit cards away so she had no access to them, and he would yell at her and call her names, including calling her a "selfish B-I-T-C-H," dumb, and stupid. She recalled that Lester spanked her with a belt because he was angry that she stayed out too long on a jet ski in 2015. She said that Lester controlled everything she did, including taking away her prescription medications and limiting her access to them. He would read her text messages and emails and dictate what she wrote in text messages and emails.

During Donna's testimony, the circuit court announced that the hearing would need to be continued because it was after 5:00 p.m. The circuit court directed the parties to contact its trial court administrator to obtain another court date.

A notice of hearing was filed on August 18, 2023, informing the parties that the continued final divorce hearing was scheduled for October 4, 2023. Thereafter, Lester filed two motions requesting a continuance. In his first motion, he alleged Donna's counsel unilaterally contacted the trial court administrator and scheduled the hearing. He further complained that he needed a continuance because he desired to obtain a transcript from the August hearing, and the court reporter needed approximately a month and a half to complete it. He also stated that he needed at least until December 1, 2023, to complete additional research and had other separate court cases for which he needed time to prepare. In his second motion, Lester argued that a continuance was needed because he had been incarcerated and could not attend trial.

In Donna's responses to the motions for continuance, she objected and asked that any request for a continuance be denied. In response to Lester's first motion, Donna explained that all email communications with the trial court administrator included Lester, and she attached copies of the communication to her response showing that Lester was copied on each exchange and did not reply with any objection to the October 4, 2023, final hearing date. She further argued that Lester should not need any additional time to prepare because the hearing had been set for August 16, 2023, and was set to conclude on that date. Additionally, Donna stated that the matter of grounds for divorce should no longer be at issue because the parties had been living separate and apart for more than eighteen consecutive months pursuant to Arkansas Code Annotated section 9-12-301(b)(5) and that the pleadings could be modified to conform to the evidence pursuant to Arkansas Rule of Civil Procedure 15(a)–(c). In response to Lester's second motion, Donna argued that Lester's motion was moot because he had been released from custody on September 27, 2023.

On October 3, 2023, Lester filed a "Notice of Interlocutory Appeal and Stay of Final Trial." In this document, Lester stated that he was appealing "the denial of his Motion For Continuance Due To Emergency Medical Condition, which he presented in person to the Clerk for Filing on September 29, 2023, and which this Court denied by 'No Action' on October 2, 2023."[2] He further stated that he had developed an emergency medical condition that prohibited him from being in court for any "extended time, let alone a full day[.]" As

---

[2]We note that the record does not contain any motion filed on September 29, 2023.

such, he considered his action "stayed until action by the Court of Appeals." Donna filed her response in objection on the same day. She argued that no emergency motion had been filed as alleged, that there was no final appealable order, and that the facts of this case do not rise to the level for an interlocutory appeal under the Arkansas Rules of Appellate Procedure–Civil. The circuit court filed a written order regarding Lester's notice on October 11, 2023. The circuit court agreed with Donna that the denial of his emergency motion was "not an appeal that is allowed pursuant to Arkansas law." Accordingly, the circuit court ruled that "the Garland County Circuit Clerk shall not be directed to prepare the record for [Lester's] requested interlocutory appeal." The parties' final divorce hearing concluded on October 4, 2023, as scheduled.

At the start of the October 4, 2023, hearing, Lester stated that he filed an interlocutory appeal, and the circuit court explained that it was not at an appealable stage and would move forward with the case. Lester additionally argued that he desired a stay or mistrial. Lester argued that he had missed twenty-seven doses of his heart medication and thought he should be at home resting until he could be admitted to the hospital for observation. He thought the requirement of his presence was "asking [him] to play Russian roulette." Donna's counsel argued that Lester produced no medical records or any other evidence to support his assertions and that his assertions were not credible. Counsel further argued that the hearing could be abbreviated because grounds for divorce had been established on the basis that the parties had been separated more than eighteen months; therefore, the focus of the remainder of the hearing could be on the division of the marital

estate.  The circuit court denied Lester's motion and noted that it did not find his arguments or statements credible.

Lester continued his cross-examination of Donna.  Donna reiterated that Lester controlled her access to credit cards.  At one point, Donna's counsel objected to Lester's asking questions about credit card and insurance bills on the basis of relevancy.  Lester argued that it was relevant because he alleged Donna had "filed a false affidavit causing an arrest warrant to issue against me and claimed that I caused her health insurance to be canceled. . . . I've been charged with a felony[.]"  Donna's counsel argued that Lester's criminal proceedings were not relevant to the divorce.  The circuit court agreed that the line of questioning was not relevant but allowed Lester to ask whether Donna believed that Lester had caused her health insurance to be canceled.  Donna said that she did not think he caused her health insurance to be canceled.  Despite asking Donna multiple questions concerning whether "other relatives put demands on [her]," she repeatedly denied that they did so.  She denied that other family members were unduly influencing her to file for divorce.

On redirect, Donna again stated that no one had influenced her or promised her anything to obtain a divorce.  She stated that Lester's actions led her to file for divorce, and she asked the circuit court to grant her a divorce and divide the marital estate.

The circuit court instructed Lester that he was not permitted to use his notes to testify but that he could seek to admit any documents he wished to use after laying the appropriate foundation.  Lester stated that he thought his case would be "prejudice[d]" if he had to remember all the questions he intended to ask himself and was not permitted to testify using

10

his notes. The circuit court responded that even though he was self-represented, he was held to the same standard as if he were a licensed attorney. The circuit court explained that it did not let Donna use notes during her testimony, and it would not allow Lester to do so, either. The circuit court later clarified that "[i]t's not that you don't have access to your notes. It's that you have to use the document according to the rules of evidence and procedure." Lester asked to be allowed to have one set of his notes in front of him; Donna's counsel agreed not to object unless he read the document or tried to introduce it into evidence; and the circuit court allowed Lester to have those notes in front of him.

Lester testified that he ensured Donna had a credit card with her before she left the home and that he never restricted any credit cards from her. He insisted that Donna was "kindhearted" and was being unduly influenced by her family. He stated that he took Donna on an anniversary trip and that Donna commented that it was the "best trip ever." He maintained that he had been a "good husband" to Donna. Lester testified that Donna had hallucinations and that he would take care of her. He denied that he ever spanked Donna and further testified that the jet-ski incident was not within the last five years. Regarding Donna's testimony regarding disabling vehicles, he claimed that even if a vehicle was "disabled, it was only temporary." He said that she had a vehicle in the garage, and he did not block her from leaving. Lester claimed that he "was dignified towards" Donna.

On cross-examination, Lester admitted that a cell phone did hit Donna's face but claimed that it was an accident. He further admitted that Donna left the home on February

11

15, 2022, and obtained an order of protection against him two or three days thereafter. Despite the order of protection, Lester agreed that he had made contact with Donna.

After the parties rested and the circuit court heard closing arguments, the circuit court took the matter under advisement. On November 3, 2023, the circuit court made the following pertinent findings in the divorce decree:

2. That the parties were married on December 17, 1988, and have lived separate and apart without cohabitation since February 15, 2022.

3. That [Donna] filed a Complaint for Divorce on May 2, 2022, and [Lester] filed an Answer on June 15, 2022.

4. That the Court finds the testimony of [Donna] to be credible and more credible than the testimony of [Lester].

5. That the Court finds the testimony of Aaron Hamaker and Gale Peebles to be credible and corroborated [Donna's] residency, separation and grounds for divorce as required by law.

6. That the Court finds that residence and grounds for divorce have been proven and corroborated as required by law; that this cause of action and cause of divorce occurred or existed in this state and this cause of divorce occurred or existed within five (5) years next before the commence of this suit.

7. That the Court hereby grants [Donna's] Complaint for Divorce and grants her an absolute divorce from [Lester].

8. That the Court grants the divorce based on Ark. Code Ann. §§ 9-12-301(b)(3)(C) and 9-12-301(b)(5). The Court finds [Donna] has proven and corroborated grounds based on indignities to the person of the other as shall render her condition intolerable. The Court finds that [Lester]'s unsettled hatred and contempt toward [Donna] manifests itself in his attempts to control [Donna], control the parties' finances, [Lester]'s yelling, cursing and berating of [Donna], calling [Donna] a bitch, dumb, and stupid, taking [Donna's] cell phone and locking it up, taking [Donna]'s inhaler, taking [Donna]'s keys away, telling [Donna] what to text to others, threats to report [Donna] to the church deacons, spanking [Donna], and belittling of [Donna] in the presence of others.

12

9. That the Court also finds that [Donna] has proven and corroborated grounds for divorce based on eighteen (18) continuous months of separation without cohabitation. At the time of filing of the [Donna]'s Compliant for Divorce, the parties ha[d] not been separated eighteen months. At the time of the final hearing, the parties were separated eighteen continuous months. Therefore, the Court grants [Donna]'s oral motion to amend the pleadings base[d] on the evidence. The Court finds that [Donna] testified that she separated from [Lester] on February 15, 2022, and that it was her intent to separate from his at that time, and they have lived separate and apart since then without cohabitation. This was corroborated by the testimony of [Donna]'s sister, Gale Peebles.

10. The Court further finds there was no intimation of collusion so corroboration of grounds may be relatively slight.

The remainder of the decree addressed the division of the parties' marital property and is not relevant to the resolution of Lester's points on appeal. Lester timely filed an Arkansas Rule of Civil Procedure 52(b) motion to amend the divorce decree. The circuit court never ruled on it; accordingly, the motion to amend was deemed denied by operation of law thirty days after it was filed. *See* Ark. R. Civ. P. 52(b)(1); Ark. R. App. P.–Civ. 4(b)(1). This timely appeal followed.

## II. *Standard of Review*

On appeal, this court reviews divorce cases de novo on the record. *Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007). Moreover, we will not reverse a circuit court's finding of fact in a divorce case unless it is clearly erroneous. *Id.* A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Chekuri v. Nekkalapudi*, 2020 Ark. 74, 593 S.W.3d 467. We also

give due deference to the circuit court's determination of the credibility of the witnesses and the weight to be given to their testimony. *Id.*

### III. *Statutory-Grounds Argument*

On appeal, Lester first argues that "[t]he circuit court acted unreasonably, committed a clear error of judgment and sound discretion, acted against the interest of justice, and committed an error of law in ruling that Appellee met the standards required by law to prove General Indignities. The Court also committed an Abuse of Discretion as well." In his first point, Lester generally challenges the circuit court's finding that Donna proved the general-indignities ground for divorce pursuant to Arkansas Code Annotated section 9-12-301(b)(3)(C). He quotes selected portions of testimony and disputes that the testimony was sufficient to support the general-indignities ground or that the witnesses corroborated the ground as required. We affirm.

Divorce is a statutory creation and may be granted only upon proof of a ground listed in the statute. *Janjam v. Rajeshwari*, 2020 Ark. App. 448, at 11, 611 S.W.3d 202, 209; *Lundy v. Lundy*, 2014 Ark. App. 573, 445 S.W.3d 518. Evidence of the grounds for divorce must be corroborated, but the evidence of corroboration need only be slight when a divorce case is sharply contested, and it is not necessary that the testimony of the complaining spouse be corroborated on every element or essential fact. *Neidhardt v. Neidhardt*, 2020 Ark. App. 521. This court gives due regard to the circuit court's superior position in judging the credibility of witnesses. *Id.* Testimony by the plaintiff and corroborating witnesses that is merely general or conclusory in nature is not sufficient. *Id.*

14

Here, the circuit court specifically found that Donna proved and corroborated two grounds for divorce under the statute. It found that Donna had proved and corroborated grounds "based on indignities to the person of the other as shall render her condition intolerable" and "based on eighteen (18) continuous months of separation without cohabitation." Ark. Code Ann. § 9-12-301(b)(3)(C) and (b)(5). However, Lester challenges only the general-indignities ground on appeal. Donna testified that she left the marital home on February 15, 2022, and both Donna's son and her sister corroborated her testimony. When the circuit court bases its decision on two independent grounds and an appellant challenges only one on appeal, we will affirm without addressing the merits of either. *Goslee v. Goslee*, 2012 Ark. App. 332. Because Lester did not challenge all the grounds that the circuit court relied on in making its decision, we summarily affirm without addressing the merits. *Id.*; *Jones v. Miller*, 2017 Ark. 190, 520 S.W.3d 253.

IV. *Unclean-Hands and Undue-Influence Arguments*

Next, Lester argues that "[t]he Circuit Court acted unreasonably, committed a clear error of judgment and sound discretion, acted against the interest of justice, and committed an error of law by failing to recognize Unclean Hands by the Appellee and the Undue Influence committed upon her. The Court also committed an Abuse of Discretion as well." In this point, Lester essentially complains that Donna should not have been granted a

15

divorce because she had unclean hands, and others exerted undue influence over her.[3]  He

complains that Donna had filed a false police report against him in order to have him

arrested and prevent him from preparing for the divorce trial and influence the outcome.

He further claims that he did not receive proper medical care while he was incarcerated and

blames Donna for forcing him to proceed with this case "on a 50% heartbeat."  Lester argues

that Donna's "willingness to file false charges indicate Undue Influence by people around

her" and that her "Unclean Hands [was] brought about by Undue Influence."  Accordingly,

Lester asks us to "dismiss" the circuit court's decision or alternatively remand.  We disagree.

At the final divorce hearing, Donna repeatedly denied any undue influence in making

her decision to file for and pursue a divorce.  The circuit court specifically found in its order

that Donna's testimony was more credible than Lester's testimony, and we give due deference

to the circuit court's determination of the credibility of the witnesses and the weight to be

given to their testimony.  *Chekuri*, *supra*.  Moreover, Lester makes no cogent or persuasive

legal argument or citation to legal authority in support of his argument that Donna is not

entitled to a divorce on the basis of his conclusory allegations that she filed a "false police

report" that, even if true, resulted in a completely separate court proceeding.  It is axiomatic

that this court will not consider arguments that are unsupported by convincing argument or

sufficient citation to legal authority.  *Thigpen v. City of El Dorado*, 2020 Ark. App. 531.  It is

---

[3]To the extent Lester also complains in this point that the circuit court restricted his presentation of evidence and should have granted him a continuance, those arguments are addressed below in the discussion of Lester's third point on appeal.

also a well-settled principle of appellate law that we will not make a party's argument for him or her. *Thigpen*, *supra*; *see Mann v. Pierce*, 2016 Ark. 418, 505 S.W.3d 150; *Nelson v. Fullerton*, 2023 Ark. App. 311. Many of Lester's arguments on appeal are simply conclusory assertions, and we have held that conclusory assertions and general statements do not rise to the level of developed argument to preserve an issue for appellate review. *See Dye v. Precision Found. Specialties & Flow Rite Drainage Sols., Inc.*, 2025 Ark. App. 183; *Jade Prop. Holdings, LLC v. First Serv. Bank*, 2024 Ark. App. 414, 699 S.W.3d 136. Accordingly, we affirm on this point.

## V. *Due Process and Other Arguments*

Last, Lester argues that "[t]he Circuit Court acted unreasonably, committed a clear error of judgment and sound discretion, acted against the interest of justice, and committed an error of law by acting in a manner that hampered and restricted Appellant's Right of Due Process in Cross Examination and Direct Testimony, especially in his ability to rebut. The Court also committed an Abuse of Discretion as well." In this last point, Lester generally appears to take issue with several of the circuit court's rulings and procedures during the proceedings and argues that the circuit court's "procedures and conduct violated his 'Due Process Rights.'" He particularly complains that prohibiting him from using his notes while testifying was a violation of due process. We reject Lester's due-process argument because it is raised for the first time on appeal. *McCarthy v. McCarthy*, 2024 Ark. App. 522, 700 S.W.3d 779. We will not consider arguments made for the first time on appeal, even constitutional arguments, because doing so deprives the circuit court of the opportunity to fully develop

17

the issue. *Id.*; *see also Bass v. Bass*, 2011 Ark. App. 753, 387 S.W.3d 218. Accordingly, Lester's due-process argument is not preserved for our review.

Lester also argues under this point that the circuit court erred by denying his request for a continuance. We review a circuit court's denial of a motion for continuance using an abuse-of-discretion standard. *Champlin v. Champlin*, 2021 Ark. App. 348, 634 S.W.3d 566. An appellant must not only demonstrate that the circuit court abused its discretion by denying the motion but also must show prejudice that amounts to a denial of justice. *Id.*

Lester complains that the clerk's office failed to file his emergency motion, and the circuit court did not have his written motion before it. Nevertheless, the circuit court allowed Lester to present his argument as to why a continuance was necessary at the October 4, 2023, hearing. Lester argued that he had missed twenty-seven doses of his heart medication and thought he should be at home resting until he could be admitted to the hospital for observation. The circuit court denied Lester's motion and noted that it did not find his arguments or statements credible. Under these facts, we cannot say that the circuit court abused its discretion. Moreover, Lester fails to demonstrate how any additional time would have changed the outcome of the case in that he does not dispute that Donna proved the eighteen-months'-separation ground. *See generally O'Neal v. O'Neal*, 55 Ark. App. 57, 59, 929 S.W.2d 725, 726 (1996) (affirming the denial of a motion for continuance on the basis that appellant failed to demonstrate that additional discovery would have changed the outcome).

Finally, Lester argues that the circuit court erred in the numerous evidentiary rulings it made during the divorce hearing. He complains that the circuit court restricted his ability to fully develop his case. He claims that he could have presented evidence of "enjoyable times" the parties had together and the actions he did to "show honor and dignity" toward Donna. Despite Lester's urging to the contrary, pro se litigants are held to the same standards as licensed attorneys with respect to complying with the rules. *Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580. Moreover, as in Lester's second point on appeal, he makes no cogent or persuasive legal argument or citation to legal authority in support of his argument that the circuit court erred in its evidentiary decisions that would give him relief. It is axiomatic that this court will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Thigpen, supra.* It is also a well-settled principle of appellate law that we will not make a party's argument for him or her. *Id.* Again, many of Lester's arguments on appeal are simply conclusory assertions, and we have held that conclusory assertions and general statements do not rise to the level of developed argument to preserve an issue for appellate review. *See Dye, supra*; *Jade Prop. Holdings, LLC, supra.* Thus, we affirm.

Affirmed.

ABRAMSON and THYER, JJ., agree.

*Keith Hamaker*, pro se appellant.

*Montgomery Wyatt Hardy, PLC*, by: *Betty J. Hardy*, for appellee.

19